## King v. Conn and Others.

PROMISSORY NOTES.—Suit upon a promissory note. Answer, a set-off against the plaintiff's assignor, purchased before notice of the assignment. Reply, 1 General denial. 2. That the defendant purchased the set-off after he knew that the plaintiff's assignor was dead. On the trial, the note pleaded as a set-off was not given in evidence.

*Held*, that the second reply was bad, as the defendant had a right to purchase a set-off at any time before notice of the assignment.

*Held*, also, that an issue having been made on the set-off by the general denial, the note should have been given in evidence.

APPEAL from the *Ripley* Common Pleas.

RAY, J.—*King* sued *Conn* upon an assigned note. *Conn* answered that, before notice of the assignment to *King*, he became the owner of certain notes on *Pate*, *King's* assignor, and paid a judgment in favor of *Watts*, which had been rendered against the defendant as surety for *Pate*, and he asked that the notes, and the sum so paid as surety for *Pate*, should be set off against the note sued on. *King* replied that *Conn* purchased the notes set up in his answer after he knew that *Pate* was dead. A demurrer to this reply was sustained, and *King* excepted. This is assigned for error.

We do not see why the death of *Pate* should deprive the defendant of his right to purchase the notes and offer them as a set-off to the claim against him. He certainly had that right as against the personal representatives of the deceased, and the fact that an assignment had been made of the claim, without his knowledge, did not prevent the defense.

The second error assigned is, that a new trial should have been granted because the finding of the court was contrary to the law and the evidence. It is urged that as *King* replied to the answer by a general denial, it was necessary for *Conn* to prove the notes and the record of the judgment on the trial. Copies of the notes and indorsements, and a certified copy of the judgment in favor of *Watts* were filed with the

answer, and made a part of the record. On the trial, *Conn* testified that he purchased "the notes set out in the answer, and paid the *Watts* judgment," before he had notice of the assignment. It does not appear from the record that the notes and judgment were read or offered in evidence to the court that tried the cause, and they are not copied in the bill of exceptions.

This objection is fatal. Even if the fact that the certified copy of the judgment was made a part of the answer is to be held sufficient, still the failure to introduce the notes in evidence, when a denial was replied, requires the reversal of the case.

The judgment is reversed, with costs, and the cause remanded for a new trial.

*J. K. Thompson* and *Holman & Haynes*, for appellant.