Collins v. Maghee.

*C. N. Pollard, N. R. Linsday, J. A. Lewis,* and *M. Bell,* for appellants.

*D. Moss,* for appellee.

---

### COLLINS *v.* MAGHEE.

EVIDENCE.—*Non Est Factum.*—In a suit on a promissory note against the maker, under an issue formed by an answer under oath denying the execution of the note, it is necessary that the note be given in evidence, as well as that its execution by the defendant be proved.

NEW TRIAL.—*Motion for.*—A motion for a new trial assigning for cause, "that the verdict is contrary to evidence," sufficiently presents the statutory cause, "that the verdict is not sustained by sufficient evidence."

APPEAL from the Sullivan Circuit Court.

This was an action by Gillison Maghee, surviving partner of John H. Maghee & Co., against Elisha Collins, the appellant, and John W. Collins, on the following promissory note:

"$768$\frac{37}{100}$.        EVANSVILLE, November 3d, 1855.

"Six months after date we, the subscribers, residing in Marco, Greene county, State of Indiana, promise to pay to the order of John H. Maghee & Co., seven hundred and sixty-eight $\frac{37}{100}$ dollars, without any relief from valuation or

appraisement laws, for value received. In payment bill of goods this date.

(Signed) "E. & W. COLLINS."

John W. Collins, represented in the signature to the note by "W." Collins, did not appear to the action. Indeed, it appears in a subsequent part of the record that he was deceased.

Elisha Collins, the appellant, appeared and filed an answer of three paragraphs.

The first was verified by affidavit, and denied the execution of the note. No question arises, here, on the second and third, and they need not be further noticed.

Tried by jury. Verdict for the plaintiff for the amount of the note and interest.

A motion for a new trial was made and overruled, and judgment was rendered on the verdict.

One of the reasons urged for a new trial is, that "the verdict is contrary to evidence." The others relate to alleged errors of law occurring at the trial. A bill of exceptions contains the evidence.

ELLIOTT, J.—The first objection urged to the proceedings in the circuit court is, that the court erred in overruling the motion for a new trial, on the ground that the evidence does not sustain the verdict of the jury. A bill of exceptions, purporting to contain the evidence given on the trial, concludes it with the statement, "this was all the evidence given in the case." The evidence, thus certified, does not contain a copy of the note; nor does it appear by the evidence, or otherwise, that the note was offered or given in evidence to the jury. To entitle the appellee to recover, it was necessary, under the issue, that he should give the note in evidence to the jury. The answer denying its execution was, in effect, a general denial, and required the production of the note in evidence, and being verified by affidavit, it was also necessary that the execution of the note by the defendant should be proved.

Proof of its execution did not dispense with the necessity of producing the note in evidence.    *Fosdick* v. *Starbuck*, 4 Blackf. 417; *King* v. *Conn*, 25 Ind. 425.

It follows that, the note not being given in evidence, the evidence did not sustain the verdict, and, therefore, a new trial should have been granted. But it is insisted on behalf of the appellee that the question was not properly presented by the motion for a new trial.

One of causes for a new trial in civil cases, provided by the statute, is, " that the verdict or decision is not sustained by sufficient evidence, or is contrary to law." Here, one of the causes stated in the motion for a new trial is, that " the verdict is contrary to evidence." We think this statement is sufficient. It presents substantially the cause provided by the statute. If the verdict is not sustained by sufficient evidence, then it is contrary to the evidence. In the act regulating the practice in criminal cases, the fifth cause for a new trial is stated thus: " When the verdict is contrary to law or evidence." It can scarcely be doubted that this, though differing in phraseology, was intended to be identical with the sixth cause for a new trial in civil cases. They are the same in substance.

On the trial of the cause, it was in evidence that the goods for which the note was given, were purchased by John W. Collins, of John H. Maghee & Co., at the date of the note, in the city of Evansville; that appellant was not present, but John W. represented that he and the appellant were in partnership, and the goods were purchased in their joint names, and the note in suit was executed therefor by John W. Collins. The goods were packed in boxes, and the boxes marked " E. & W. Collins," and were shipped to Marco, in Green county, where Elisha and John W. Collins both resided.

The plaintiff below was permitted to prove by one Anderson, over the appellant's objections, that in the fall of 1855, he hauled goods from Newburgh to Marco, in boxes, which were marked " E. & W. Collins."

The admission of this evidence, it is insisted, was errone-
ous. We do not so regard it. It was not claimed that the
appellant was present when the goods were purchased, or
that he personally signed the note given for them; but it
was claimed that he and John W. Collins were partners, in
fact, in the mercantile business in Marco, and that the note
was given for goods purchased for the firm by John W.
Collins; or, if they were not such partners in fact, that
the appellant held himself out to the public as a partner of
John W. Collins, and knowingly permitted the latter to use
his name as such, and was, therefore, liable. The liability
of the appellant upon either of these grounds might be
proved by circumstantial evidence. The court, with this
view, properly admitted evidence tending to prove that the
boxes containing the goods were marked "E. & W. Col-
lins," and were thus shipped to a store room in Marco, where
the appellant resided; that the business was conducted, and
the notes were taken, in the firm name; that letters were
frequently received at the post-office at Marco, directed to
them in the name of the firm; and that the appellant was
frequently at the store, and had the opportunity of seeing
the marks on the boxes, and of knowing how and in what
name the business was being conducted.

Each of the facts thus given in evidence was a circum-
stance tending to establish the liability of the appellant on
one or the other hypothesis claimed by the appellee. The
weight that should be given to them, and whether all of
them taken together were sufficient to establish the appel-
lant's liability on either of the grounds assumed, was a
proper question for the jury. The evidence of them was
properly admitted by the court.

There was no error in permitting the widow of John W.
Collins to testify to admissions made by the appellant in a
conversation between him and John W., subsequent to the
date of the note, to the effect that a partnership had existed
between them in the mercantile business, which they were
then dissolving.

The evidence thus given was not as to any confidential communication between husband and wife. It related alone to the admissions of the appellant in the presence of the witness, matters of which she had a personal knowledge, and which related to the acts of the appellant. True, the husband participated in the conversation, but the object of the evidence was to prove the admissions of the appellant alone, and not those of the husband.

After the plaintiff below had closed his original evidence, the appellant introduced as a witness one Fisher, and offered to prove by him that soon after the goods arrived at Marco, in November, 1855, he, the appellant, was at the store, and on learning that the boxes containing the goods were marked "E. & W. Collins," asked John W. what it meant, and protested against it, and told John W. and others who were present, that John W. had no authority to do anything of the kind, and if it was repeated he would prosecute John W. for using his name without his authority. He also offered to prove by one Coker, that soon after John W. commenced business he heard the appellant state publicly, at the store in Marco—upon being asked if he was a partner—that he was not, and had nothing to do with the concern. To all of which facts the appellant himself also offered to testify; but the appellee objected to the evidence. The court sustained the objection and refused to permit the evidence to be given to the jury. The ruling was excepted to, and is assigned for error.

The evidence was clearly admissible, and the court erred in rejecting it.

As we have seen, an effort was made to prove a partnership, or, at least, that the appellant held himself out to the public as a partner, by showing that the boxes were marked in the name of "E. & W. Collins;" that they were brought to the store in Marco, where the appellant resided; that the business was apparently conducted in said firm name; and that the appellant was frequently at the store and had the opportunity of seeking and knowing these facts.

Collins *v.* Maghee.

It was not claimed that the appellant either purchased the goods, signed the note, marked the boxes, or transacted the business; but the object of the evidence to which we have referred was to show that his name was used in the business with his knowledge, and that he acquiesced in that use by not objecting to it, and thereby held himself out to the public as a partner, if he was not a partner in fact. The appellant, if not a partner, could not be made liable by the acts of John W. alone; but it was sought to render him liable by his own acts and conduct in reference to the acts of John W., that is, by knowingly permitting John W. to use his name as a partner, or by silently acquiescing therein. And, certainly, it was his right to rebut such inferences by showing that when the fact that his name was being so used was brought to his knowledge, he denied the existence of the partnership and publicly protested against such use of his name.

The appellant also offered to testify that in April, 1860, he denied to one McLean, an agent of the appellee, that he ever executed the note, or authorized any one to execute it for him, and pronounced it a forgery; and, further, that he and said McLean then called on John W. Collins, to whom McLean presented the note; that John W. claimed that the note had long since been paid, and stated that he executed the note without the knowledge or consent of the appellant.

The court very properly rejected the evidence. The matter offered in evidence occurred years after the maturity of the note, and when the appellant would have every inducement to manufacture evidence to avoid liability. It had no tendency to rebut the facts given in evidence by the appellee, and was clearly inadmissible.

Judgment reversed, with costs, and the cause remanded for a new trial.

*J. P. Baird, C. Cruft,* and *W. Mack,* for appellant.

*A. Iglehart,* for appellee.