*J. E. McDonald* and *A. L. Roache*, for appellee.

Nov. Term, 1860.

CLARK
v.
WYATT.

---·-◆-·---

CLARK *v.* WYATT, Administrator of CLARK.

The general rule is, that evidence founded upon a *mere* comparison of handwritings, by witnesses, is not admissible to prove the genuineness of a signature, or writing.

If, however, a witness has previous knowledge of the handwriting, from having seen the person write, or from authentic papers derived in the course of business, he may, in corroboration of his testimony, compare the writing in question with other signatures, known to be genuine.

Where the antiquity of the writing makes it impossible for any living witness to swear he ever saw the party write, comparison with documents known to be in his handwriting is admissible.

APPEAL from the *Henry* Circuit Court.

DAVISON, J.—The appellee, who was the plaintiff, sued *William Clark* upon a promissory note for the payment of $300. The note bears date, *December* 11, 1838, and was payable in the year 1842. Defendant answered by a general denial. To which he appended an affidavit, alleging that so much of his answer as denied the execution of the note, is true, &c. Verdict for the plaintiff. New-trial refused, and judgment, &c.

The defendant, at the proper time, moved to suppress the

*Monday, December* 10.

Nov. Term,
1860.

CLARK
v.
WYATT.

deposition of *Elijah Vance*, taken by the plaintiff to be read in evidence in the cause, but the Court refused the motion, and he excepted.

. *Vance*, in his deposition, says: "I am acquainted with *William Clark;* saw him write his signature to a power of attorney, on the 19th of *October*, 1834. About that time I was somewhat acquainted with his handwriting, but from the lapse of time that has intervened, I could not now state that I am acquainted with it. Judging, however, from his signature to the power of attorney, which is now before me, compared with the signature to two affidavits, which are also before me, both of which appear to have been filed in this cause, I think I am sufficiently acquainted with his handwriting, so as to leave but little, if any, doubt on my mind, but that the signature to the note attached to the complaint in this case, now also before me, is the signature of the same *William Clark* who executed said power of attorney, and signed said affidavits."

This deposition is said to be objectionable on two grounds: 1. The witness, being unacquainted with *Clark's* handwriting, was not competent to give an opinion or belief that he signed the note. 2. Nor was said witness competent to judge of the signature to the note by simply comparing it with the signatures to the affidavits and power of attorney.

As we construe the deposition, the affiant admits that he is unacquainted with the defendant's handwriting; but he grounds his belief of the signature to the note being genuine, exclusively, upon its comparison with other signatures of the defendant conceded to be in his handwriting. The general rule is, that evidence founded on a mere comparison of hands, by witnesses, will not be allowed. This is the settled rule in *England*, and has been adopted by the Supreme Court of the *United States*, and, with a few exceptions, followed in the several States. 2 Ph. Ev., 4th Am. Ed., p. 609, note 483, and cases there cited. If, however, the witness has previous knowledge of the hand, from having seen the person write, or from authentic papers, derived in the course of business, he may, in corroboration of his testimony, compare the writing in question with other signatures known to be genuine. *McNair* v. *The*

*Commonwealth*, 26 Penn. 388. And it may also be noted, that "Where the antiquity of the writing makes it impossible for any living witness to swear he ever saw the party write, comparison with documents, known to be in his handwriting, may be admitted." *Rowe's Adm.* v. *Kile's Adm.*, 1 Leigh, 222; *Bradt* v. *Brooks*, 8 Wend. 426; 15 *id*. 111. We are inclined to adopt the general rule above stated, and hold that evidence founded on a mere comparison of hands should be deemed inadmissible. And the result is, the motion to suppress should have been sustained. The record shows, that during the trial, the court, over the defendant's objection, allowed four witnesses, viz: *Benj. Shirk, James Brown, Joshua Holland* and *John Hudson*, each, to give his opinion that the signature to the note was genuine, from a mere comparison of that signature with the signatures of the defendant to two affidavits filed by him in the progress of the cause, when neither of them had any acquaintance whatever with his handwriting. Under the same rule, as applied to the deposition of *Vance*, the evidence of these witnesses was, of course, not admissible. But the appellee insists that though the admission of the evidence by comparison of hands may have been erroneous, still there was in the record, evidence sufficient to sustain the verdict. This position is not well taken. One witness, and one only, Mrs. *Madison*, testified that she saw the defendant sign the note, but there was evidence tending to invalidate her testimony; and, hence, in the absence of the testimony erroneously admitted, it can not be assumed that the jury would have considered her evidence sufficient to prove the defendant's handwriting. In our opinion, the deposition and oral testimony relative to the execution of the note, may have misled the jury, and consequently, a new trial should have been granted.

*Per Curiam.*—The judgment below is reversed, with costs. Cause remanded, &c.

*J. H. Mellett* and *E. B. Martindale*, for appellant.

*W. Grose*, for appellee.