CORNEILLE *v.* THE STATE.

An indictment will lie for an assault and battery with intent to commit a larceny.

The assault and battery is sufficiently charged, where the indictment alleges "that the defendant did, in and upon one *A.*, unlawfully, feloniously and maliciously make an assault, and did unlawfully, maliciously and feloniously touch, strike and wound the said *A.*"

On the trial it appeared that the defendant had put his hand or fingers into the pocket of *A.*, with the intention of stealing his money, but was detected and arrested in the attempt.

*Held*, that a conviction for an assault and battery with intent to commit a larceny was not erroneous.

*Tuesday,
June 4.*

APPEAL from the *Vanderburgh* Circuit Court.

*Per Curiam.*—The appellant was tried, convicted, and sent to the penitentiary, upon an indictment charging that the defendant, on, &c., at, &c., "in and upon one *Charles Knowles*, then and there being, unlawfully, feloniously and maliciously, did make an assault, and did unlawfully, maliciously and feloniously touch, strike and wound the said *Charles Knowles*, with the felonious intent, the moneys of said *Charles Knowles*, from the person of the said *Charles Knowles*, then and there feloniously and unlawfully to steal, take and carry away, contrary," &c. A motion to quash the indictment was overruled.

It is insisted that an indictment will not lie for an assault and battery with intent to commit a larceny. A larceny is a felony, and the statute is explicit that "every person who shall perpetrate an assault, or an assault and battery, with intent to commit a felony, shall, upon conviction thereof, be imprisoned in the State prison," &c.

The case charged is within the letter of the statute, and we can not say that it is not within its spirit.

Again, it is objected that the battery is not charged in the language of the statute, and therefore the indictment is bad. The statute provides, that "words used in the statute to define a public offense need not be strictly pursued, but other words, conveying the same meaning, may be used." 2 R. S. 1852, § 59, p. 368. The indictment seems to be sufficient.

On the trial, it appeared that *Knowles* was in a crowd of persons collected at a county fair, when the defendant put his hand, or fingers, into the pocket of *Knowles*, with the evident intention of stealing his pocket book, containing money; but *Knowles*, discovering the attempted theft, seized the defendant, and frustrated his design.

It is the opinion of a majority of the Court, that there is no error in the case.

The judgment is affirmed, with costs.

*Chandler* and *Hynes*, for the appellant.

*J. E. McDonald*, Attorney General, and *A. L. Roache*, for the State.