*J. M. La Rue*, for appellant.

*S. A. Huff*, for appellee.

--------◇--------

THE STATE *v.* MILLER.

INDICTMENT.—ASSAULT AND BATTERY.—INTENT TO KILL.—An indictment charged that A, "on," &c., "at," &c., "did unlawfully strike, beat, bruise and wound one B, with a knife, with premeditated malice, and with the intention to kill and murder him, the said B, did then and there stab, cut and wound him, the said B, with a large knife, then and there held in his hands," &c., "with the intention of committing a felony."

*Held*, that the charge of premeditated malice was applicable to the battery only.

*Held*, also, that the indictment did not sufficiently charge the intent to commit the particular felony.

*Held*, also, that as an assault and battery was well charged, a motion to quash the indictment should have been overruled.

APPEAL from the *Hendricks* Circuit Court.

RAY, C. J.—The indictment in this case charged that *Miller*, "on," &c., "at," &c., "did unlawfully strike, beat, bruise and wound one *Tarlton Bales*, with a knife, with malice aforethought, and with the intention to kill and murder him, the said *Tarlton Bales*, did then and there stab, cut and wound him, said *Bales*, with a large knife, which he then and there held in his hand, in three places, one in the hip, one in the side, and one in the back, with the intention of committing a felony." A motion to quash was sustained. It is urged

in support of the action of the court in this ruling, that the indictment does not sufficiently charge the intention to murder, nor that a battery was committed. If the allegations of the indictment had ended with the averment of "the intention to kill and murder him, the said *Bales*," the charge of "malice aforethought" might, perhaps, be construed to refer both to the battery and to the intent to kill, but as the indictment now reads, the premeditated malice must be applied to the battery, and the allegation will read thus: "that *Miller* on," &c., "at," &c., "did unlawfully, and with premeditated malice, strike, beat, bruise and wound one *Tarlton Bales;* and with the intention to kill and murder him, the said *Bales*, did then and there stab, cut and wound him, the said *Bales*, with a large knife," &c., "with the intention of committing a felony."

The indictment does not sufficiently charge the intent to commit the particular felony. Is the battery charged? It was held in the case of *Corneille* v. *The State*, 16 Ind. 232, that the words, "did unlawfully, maliciously and feloniously touch, strike and wound," were sufficient to charge a battery, under the provision of the law that "words used in the statute to define a public offense need not be strictly pursued, but other words conveying the same meaning may be used." 2 G. & H., § 59, p. 403. Under this ruling, and the provision of the statute cited, we think the battery is sufficiently charged in this case, and the motion to quash should therefore have been overruled. The allegation of an intent to commit a felony should have been regarded as surplusage.

The judgment is reversed, with costs, and the cause remanded, with directions to the court below to overrule the motion to quash the indictment.

*J. Miller*, for the State.

*C. C. Nave*, for appellee.