## Shank *v.* Butsch.

Promissory Note.—Signature.—A promissory note, signed by the mark of the maker, is valid without a subscribing witness.

Same.—Evidence.—In a case involving the genuineness of a signature to a promissory note, it is not competent for the defendant to give in evidence other notes executed by him in the usual course of business, and leave to the jury a comparison of the handwriting.

Conflict of Evidence.—Supreme Court.—When the evidence is conflicting, and the determination of the case turns upon the credibility of witnesses, the Supreme Court will not interfere with the finding below.

APPEAL from the *Vanderburgh* Circuit Court.

Elliott, C. J.—*Butsch* sued *Shank* on a promissory note for $150. The complaint also contains a paragraph on an account stated for the same sum. The note is in the usual form, except that it is signed thus: "X X X Joseph Shank."

The defendant answered in two paragraphs. The first is a general denial to the whole complaint. The second denies the execution of the note set out in the first paragraph of the complaint, and alleges that it is a forgery. The latter paragraph is sworn to. Trial by jury, and a general verdict for the plaintiff for one hundred and fifty dollars. The jury also found specially upon certain particular questions of

fact, in answer to interrogatories propounded to them under the direction of the court. Motion for a new trial overruled, and judgment on the verdict. The defendant appeals.

The errors assigned are based on the refusal of the court to grant a new trial. The first and second relate to alleged errors of law occurring at the trial. The third is that the verdict is not sustained by the evidence.

1. On the trial of the cause, the plaintiff, having first testified that the note set out in the first paragraph of the complaint was executed by the defendant, offered to read the note in evidence to the jury, to which the defendant objected, "for the reason that it purported to be signed by the defendant's mark, and was not attested by a subscribing witness;" but the court overruled the objection, and permitted the note to be read in evidence, to which the defendant excepted.

This is the first question presented in the case. It is contended by the appellant's counsel, that as the note described in the complaint purports to be signed by the defendant by his mark, it is void for want of an attesting witness, and *Story* on Promissory Notes, § 11, p. 15, is referred to. A subscribing witness is not necessary to the validity of a promissory note, and we have no statute making notes signed by the mark of the maker an exception to the general rule, but, on the contrary, it is provided by statute that "in all cases where the written signature of any person is required, the proper handwriting of such person, or his mark, shall be intended." 2 G. & H. 338. Thus placing the signature by mark, on the same footing as that of the proper handwriting of the party. The ruling of the court was correct.

2. The appellant being sworn as a witness in his own behalf, and having testified that he did not sign the note in suit, by mark or otherwise, or authorize its signature, offered to introduce in evidence other notes purporting to have been signed by him, and offered to prove that they were so signed in the usual course of business, for the purpose of

showing that he uniformly signed such instruments with one mark, or cross, and for the purpose of comparing his marks thereto with that to the note in controversy; but the court refused to admit the evidence.

It is insisted here that the evidence so offered was proper, and that the court erred in rejecting it.

The cases are not uniform as to the propriety of admitting evidence, in such cases, founded on a comparison of handwritings. In *Clark* v. *Wyatt*, 15 Ind. 271, the rule is stated thus: "The general rule is, that evidence founded on a mere comparison of hands, by witnesses, will not be allowed. This is the settled rule in *England*, and has been adopted by the Supreme Court of the *United States*, and, with a few exceptions, followed in the several states. 2 Phil. Ev., 4th Am. ed., p. 609, and note 483." It is said, however, that if the witness has a previous knowledge of the hand, he may, in corroboration of his testimony, compare the writing in question with other signatures known to be genuine. But here, as we understand the record, it was simply proposed to give the notes referred to in evidence, leaving it to the jury to make the comparison, and draw their inferences, which would seem to be clearly inadmissible under the rule in *Clark* v. *Wyatt, supra.*

3. The only remaining point presented in the case is, that the evidence does not sustain the verdict. The evidence is in the record, and we have given it a careful examination. It is very conflicting. The parties both testified as witnesses, and their evidence is in direct conflict on almost every material question in the case. The evidence for the plaintiff, uncontradicted, would clearly justify the finding. The case is one of conflict of evidence, in which it was the peculiar province of the jury to judge as to the credibility of the witnesses and determine the facts. Viewing the evidence as we find it on the record, and judging it from our stand point, without many of the tests presented to the jury, we are by no means clear that its preponderance is in accordance with the finding. But we

cannot for that reason reverse the judgment, without trespassing upon the province of the jury.

The judgment is affirmed, with five per cent. damages and costs.

W. P. Hargrave, for appellant.

J. M. Shackelford and S. R. Hornbrook, for appellee.