---o---

CHANCE *v.* THE INDIANAPOLIS AND WESTFIELD GRAVEL ROAD COMPANY.

CORPORATION.—*Organization of.*—*Pleading.*—*Evidence.*—Suit commenced before a justice of the peace by a gravel road company upon a preliminary stock subscription, the complaint alleging the due organization of the company. Answer under oath, denying every material allegation of the complaint, including the execution of the instrument sued on. On the trial, the plaintiff failed to prove the organization of the company.

*Held,* that this was a fatal omission. The language of *Cicero Hygiene Draining Company* v. *Craighead,* 28 Ind. 274, criticised as being too general.

HANDWRITING.—*Identification of.*—Where the genuineness of handwriting is in issue, a witness, not an expert, called to testify thereto, must speak from his knowledge of having seen the party write, or from authentic papers received in the course of business; but an expert may give his opinion from mere comparison of the handwriting in question with other writings admitted to be genuine. Where other writings admitted to be genuine are already in the case, the jury may, with or without the aid of experts, make the comparison; but if they are not papers in the case, the only evidence competent to go the jury is that of witnesses. The general rule said to be incorrectly stated in *Clark* v. *Wyatt,* 15 Ind. 271.

SAME.—In an action upon a stock subscription, the execution of the instrument sued on being in issue, witnesses not shown to be experts, who had never seen the defendant write, and who were not otherwise acquainted with his handwriting, were permitted to examine his signatures admitted to

be genuine, and from a comparison thereof with the signature in question, to give their opinion as to the genuineness of the latter.

*Held,* that this was error.

JURY.—*Taking Papers to Jury Room.*—The jury were permitted, over the objection of the defendant, to take the instrument sued on with them in their retirement to consider of their verdict.

*Held,* that this was error.

INSTRUCTIONS TO JURY.— *Waiver of Written Instructions.*—It is a waiver of the right to have the instructions to the jury reduced to writing, to fail to so request the court until the argument of the counsel has commenced.

WITNESS.—*Character.—Impeachment.—Residence.*—Where a certain witness had resided in a distant state for two years before he testified, and witnesses who resided in this State and did not pretend to be acquainted with his character for truth in the neighborhood where he then resided, were called to impeach his character in this regard;

*Held,* that their evidence was inadmissible.

APPEAL from the Hamilton Circuit Court.

GREGORY, C. J.—Suit by the appellee against the appellant, commenced before a justice of the peace on a preliminary subscription of stock to the company. The defendant answered under oath, denying every material allegation in the complaint, including the execution of the instrument sued on. The plaintiff in the complaint avers the due organization of the corporation. Trial by jury; verdict for the plaintiff; motion for a new trial overruled.

The plaintiff, on the trial, failed to prove the organization of the company. This was a fatal omission. It is contended by counsel for the appellee, that this was not put in issue by the pleadings. As we understand the answer, it put in issue every material allegation of the complaint, and was not by the latter clause confined to the mere execution of the instrument sued on.

The *Cicero Hygiene Draining Co.* v. *Craighead,* 28 Ind. 274, cited by the appellee, seems to sustain the ruling of the court below. The language used in that case is, however, too general, and is somewhat calculated to mislead. The ruling is right when applied to the case then in hand, but is not the law in a case like the one in judgment.

This question was decided adversely to the appellee, in *Wert* v. *The Crawfordsville & Alamo Turnpike Co.,* 19 Ind.

242, upon the authority of which the ruling in *Williams* v. *The Franklin Township Academical Association*, 26 Ind. 310, was made.

Upon a subscription like the one under consideration, the organization of the corporation is a condition precedent to the liability of the obligor to pay his stock.

During the trial, witnesses who had never seen the defendant write, and who were not otherwise acquainted with his handwriting, were permitted to examine his signatures admitted to be genuine, and from a comparison thereof with the signature in question, to give their opinion as to the genuineness of the latter.

*Clark* v. *Wyatt*, 15 Ind. 271, is an authority against the ruling of the court below. It was not shown in the case at bar that the witnesses were experts. Had it so appeared, we think the evidence would have been proper. The general rule is not, however, correctly stated in *Clark* v. *Wyatt*. While it is true, that a witness who is not an expert must speak from his knowledge of having seen the party write, or from authentic papers derived in the course of business, it is equally true, that an expert may give his opinion from mere comparison. This rule is of importance in this age, when there is afloat a vast amount of commercial paper issued by corporations in the different states, circulating freely in all parts of the country. The legislature in this State recognized this in providing that in criminal prosecutions "persons of skill may be called to prove the genuineness of a note, bill, draft, or certificate of deposit." 2 G. & H. 411, sec. 91.

Experience shows, that the opinions of persons of skill are often more reliable than the judgment of those who speak from knowledge of having seen the party write. After all, both methods are but by comparison. The skill of the one supplies the special knowledge of the other.

Of course, this comparison by experts must be confined to other writings admitted to be genuine. No collateral

issue will be permitted. If there is any dispute as to their authenticity, the comparison will not be permitted.

Where other writings, admitted to be genuine, are already in the case, the jury may, with or without the aid of experts, make the comparison. But if they are not papers in the case the evidence competent to go to the jury must be that of the witnesses, so as to afford the benefit of a cross-examination. The jury were permitted, over the objection of the defendant, to take with them in their retirement to consider of their verdict, the instrument sued on. This was erroneous.

It is claimed, that the court below erred in not instructing the jury in writing. The request so to instruct was not made until after the argument of counsel had commenced. This was a waiver of the right to have the instructions reduced to writing. This, we think, is the result of the rulings in *Malady* v. *McEnary*, 30 Ind. 273, and *Ollam* v. *Shaw*, 27 Ind. 388. The contrary rule would embarrass the administration of justice.

There was an offer to impeach the general character for truth of one White, a witness for the plaintiff. The witness had resided in Minnesota for two years prior to the time he testified. The impeaching witnesses resided in Hamilton county, in this State, and did not pretend that they were acquainted with the general character of White for truth in the neighborhood where he then resided. The evidence was properly rejected.

Judgment reversed, with costs; cause remanded, with directions to grant a new trial.

*J. & W. O'Brien,* for appellant.

*D. Moss,* for appellee.