The State *v*. Prather.

<h2 style="text-align:center">THE STATE *v*. PRATHER.</h2>

54 63
141 115
54 63
145 14

CRIMINAL LAW.—*Indictment.*—*Assault and Battery with Intent to Murder.*— *Particular Words and Phrases.*—*Construction of.*—An indictment charged that the defendant, "in and upon one" A. B., "did feloniously, purposely and with premeditated malice, make an *assault*, and then and there, *at* and *against* the said" A. B., "did feloniously, purposely and with premeditated malice, shoot a certain pistol, then and there loaded with gunpowder and leaden ball, which he," the defendant, "then and there had and held in his hand, with intent," etc.

*Held*, that the indictment sufficiently charges an assault and battery.

*Held*, also, that the word "*against*", as used in this indictment, must be taken in its usual acceptation in common language.

From the Jackson Circuit Court.

*S. B. Voyles*, Prosecuting Attorney, for the State.

*D. Overmyer*, for appellee.

NIBLACK, J—At the April term, A. D. 1873, of the Jackson circuit court, the appellee was indicted for an assault and battery with intent to murder.

The indictment was as follows, viz.:

" The grand jurors for the county of Jackson, upon their oath, present, that John C. Prather, on the 22d day of February, 1873, at said county, in and upon one Ransom P. Baldwin, did feloniously, purposely and with premeditated malice, make an assault, and then and there, at and against the said Ransom P. Baldwin, did feloniously, purposely and with premeditated malice, shoot a certain pistol, then and there loaded with gunpowder and leaden shot, which he, the said John C. Prather, then and there in his hand had and held, with intent then and there and thereby him, the said Ransom P. Baldwin, feloniously, purposely and with premeditated malice, to kill and murder, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Indiana."

At the February term, A. D. 1875, the indictment was quashed on motion of the appellee. The State excepted and has appealed to this court. The only error assigned

is the sustaining of the motion to quash the indictment. The sufficiency of the indictment is, therefore, the only question we have to consider.

The appellee insists, that the facts alleged, in describing the minor offence charged in the indictment, do not constitute an assault and battery, within the meaning of the statute defining that offence; (see 2 R. S. 1876, p. 459, sec. 7,) that the allegation that the appellee shot at and against the said Baldwin, with a pistol loaded with gunpowder and leaden shot, does not, either in effect or by implication, charge the "touching" necessary to make out an assault and battery. That is the only objection the appellee urges against the sufficiency of the indictment.

The criminal code provides that "Words used in the statute to define a public offence, need not be strictly pursued, but other words, conveying the same meaning, may be used." See 2 R. S. 1876, p. 385, sec. 59. Under this provision, it has been decided that words equivalent to those used in the statute are sufficient. See *Sloan* v. *The State*, 42 Ind. 570, and authorities there cited.

Ordinarily, " the words used in an indictment must be construed in their usual acceptation, in common language. * * * ." See sec. 58, p. 385, 2 R. S. 1876. The only exception to that rule is where words and phrases have given to them a definite legal meaning. The words and phrases, however, which are used in the indictment we are considering, and which we are called upon to construe, do not fall within this exception, but have to be taken in their usual acceptation, in common language, as provided in the general rule above cited.

The particular meaning of the word "against" depends, to a very considerable extent, on the connection in and the purposes for which it is used. To push or run against a person implies, in common parlance, a coming in contact or in collision with the person so pushed or run against. To. say that a stone was hurled at and against a person would, very naturally, make the impression that

such person was hit by the stone. It is said that where one person wilfully pushes a drunken man against another person, from which an injury ensues, it constitutes an assault and battery. See 1 Russell on Crimes, 1021.

Although the words used in this indictment are not the most appropriate that might have been selected for the purpose, we are of the opinion that an assault and battery is sufficiently charged against the appellee, and that hence the court below erred in sustaining the motion to quash the indictment.

The judgment is reversed, and the cause remanded for further proceedings in accordance with this opinion.