Jones v. The State.

————————◆————————

JONES v. THE STATE.

CRIMINAL LAW.—*Assault with Intent to Murder.*—*Indictment.*—*Duplicity.*—An indictment charged, that the defendant did "unlawfully, feloniously, purposely and with premeditated malice, make an assault" upon a certain person, and, "at and against, and in contact with," such person, "did feloniously, purposely and with premeditated malice, shoot a certain pistol, * * loaded with gunpowder and leaden balls, which he," the defendant, "in his hands had and held, with the intent" such person "feloniously, purposely and with premeditated malice, to kill and murder."

*Held,* that the indictment is not open to the objection of duplicity.

SAME.—*Evidence.*—*Provocation of Defendant.*—On the trial of such cause the State gave in evidence certain declarations made by the person assaulted, who was a prosecuting attorney, in an argument before a jury, reflecting on the defendant.

*Held,* all the evidence not being in the record, that the defendant can not complain of such evidence.

SAME.—*Handwriting.*—*Proof by Comparison.*—*Threats.*—On such trial the State also proved by a witness an admission made by the defendant previous to the trial, that a certain written instrument, unconnected with the facts of the cause on trial, was in his handwriting; and then, submitting such instrument, and a writing containing threats of violence toward the prosecuting witness, to an expert, the State proved by him, that both, in his opinion, were written by the same person, whereupon the court admitted such writing in evidence against the defendant.

*Held,* that the evidence was incompetent.

From the Rush Circuit Court.

*W. Cassady, B. L. Smith* and *J. D. Megee,* for appellant.
*G. B. Sleeth, J. W. Study, G. H. Puntenney, A. B. Irvin* and *C. A. Buskirk,* Attorney General, for the State.

BIDDLE, C. J.—The appellant was indicted as follows: " The grand jurors of the State of Indiana, in and for the county of Rush, good and lawful men, duly and legally empanelled, sworn and charged in the Rush Circuit Court, at the March term, 1877, to enquire in and for the body of said county, in the name and by the authority of the State of Indiana, upon their oath, present and charge, that, on the 18th day of January, 1877, and in the county of Rush and State of Indiana, William A. Jones, in and upon one Orlando B. Scobey, did then and there unlawfully, feloniously, purposely and with premeditated malice, make an assault, and then and there, at and against, and in contact with, the said Orlando B. Scobey, did feloniously, purposely and with premeditated malice, shoot a certain pistol, then and there loaded with gunpowder and leaden balls, which he, the said William A. Jones, then and there in his hands had and held, with the intent then and there him, the said Orlando B. Scobey, feloniously, purposely and with premeditated malice, to kill and murder."

The appellant moved to quash the indictment. His motion was overruled; he excepted. He then pleaded not guilty, was tried by a jury, and found guilty as charged. By a motion for a new trial on his behalf, which was overruled and exceptions reserved, questions upon allowing, and refusing to allow, certain evidence to go to the jury, and upon giving, and refusing to give, certain instructions to the jury, were raised, and are discussed by his counsel in their brief.

It is alleged against the indictment, that it is bad for duplicity. We can not see wherein its duplicity consists; as it appears to us, it is good. See the following cases: *Corneille* v. *The State*, 16 Ind. 232; *The State* v. *Miller*, 27 Ind. 15; *The State* v. *Prather*, 54 Ind. 63.

The court, over the objections and exceptions of the appellant, allowed the State to prove certain statements made by the prosecuting witness, Scobey, in a certain

speech, in which he referred to the appellant in words of severity, calculated to excite anger. The whole evidence is not in the record, and, without that before us, we can not say that this ruling is wrong. Standing by itself, this evidence tends rather in favor of the appellant, as showing that he might have had some provocation for the shooting, than against him, as showing malice in the act, if any such shooting, as charged, took place in fact.

The State, after showing by the testimony of Frank J. Hall, that the appellant, previous to the trial, had admitted the genuineness of two certain papers marked " A ". and "B," unconnected with the present case, produced a paper marked "2," and asked a witness, Edward H. Wolf, who was proved to be an expert, the following question:

" State whether or not the papers ' A ' and ' B,' and the paper called a notice, marked ' 2,' were, in your judgment, written by the same person?"

To this question, over the objection and exception of the appellant, the witness was allowed to answer as follows:

" I can see a great similarity between them; it is my opinion that they were written by the same party."

Upon this testimony, the court, over the objection and exception of the appellant, allowed the paper called a notice, marked " 2," to be read to the jury as evidence, in these words:

" Mr. Carr, we understand you are trying to find out who shot at Scobey. Now, if you don't want to be shot at, dry it up, for we don't intend for no dam thief to trouble us; and you are a thief; and evry body nose it. We intend to have Scobey's hide; and any one that bothers us, we will have his hide; now smoke this."

In England, the general rule that a witness, whether inexpert or an expert, will not be allowed to testify as to the genuineness of handwriting by comparison merely, is well established. See 2 Phillipps Ev. 608–617, and notes and numerous cases there cited. The same rule seems

to prevail in the United States courts, and in some of the State courts; but in the State courts the rule is not uniform. 1 Greenl. Ev., sec. 579–581, and notes and authorities there cited. In the few cases which stand exceptional to this rule, the witness must be an expert, and the genuineness of the paper which forms the basis of the comparison must be admitted, and be relevant to the same case. 2 Phillipps Ev. 615–618, and notes and authorities there cited; 1 Greenl. Ev. sec. 576, and notes and cases.

In the case of *Clark* v. *Wyatt*, 15 Ind. 271, the English rule was substantially followed; also, in *Shank* v. *Butsch*, 28 Ind. 19.

Some remarks of the learned judge who delivered the opinion of the court in the case of *Chance* v. *The Indianapolis and Westfield Gravel Road Co.*, 32 Ind. 472, would seem to doubt the wisdom of the English rule, but the premises and conclusion in the decision of the case are in harmony with the rule. In *Burdick* v. *Hunt*, 43 Ind 381, this court reviewed its former decisions upon this question, and adhered to the ruling laid down in *Clark* v. *Wyatt*. See, also, *The People* v. *Spooner*, 1 Den. 343.

If it were necessary to offer reasons in support of an established rule, they would readily occur. The handwriting of a person may change during the course of his life. It may be affected by his health, mood of mind at the time he writes, his haste or leisure in writing, the character of the pen, ink or paper, or other fortuitous circumstances. The testimony of a witness, therefore, founded solely upon comparison, must necessarily be uncertain; to say nothing of the facilities to commit fraud, which a rule to allow proof by comparison would open, if the basis of the comparison was not conceded.

According to the above authorities, the court erred in allowing the paper marked " 2 " to go to the jury as evidence, upon the testimony offered as to its genuineness; nor would the few exceptional cases to be found support

the ruling, for the reason that the genuineness of the papers which formed the basis of comparison was not admitted by the appellant, but simply evidence of his admission offered; nor were they relevant to the case on trial.

Section 91 of our code of criminal pleading and practice enacts, that "Persons of skill may be called to prove the genuineness of a note, bill, draft or certificate of deposit, but three witnesses at least shall be required to prove the fact, except in the case of a larceny thereof. The single evidence of the cashier of the bank purporting to have issued the same may be received as sufficient." 2 R. S. 1876, p. 396.

This section will not aid the ruling before us. It does not include the class of papers we are considering, but is applicable only to cases where a " note, bill, draft or certificate of deposit" is the subject of the crime. *Crawford v. The State*, 2 Ind. 132; *Johnson* v. *The State*, 2 Ind. 652; *Jones* v. *The State*, 11 Ind. 357. Besides, three witnesses did not testify to prove the fact; nor is a witness authorized by the section to testify by comparison.

The judgment is reversed, and the cause remanded, with directions to sustain the motion for a new trial, and for further proceedings. The prisoner will be released, and returned for a new trial.