FORGEY ET AL. *v.* THE FIRST NATIONAL BANK OF CAMBRIDGE CITY.

PROMISSORY NOTE.—*Non Est Factum.—Order of Introducing Evidence.*— In an action on a promissory note, by the payee, against the makers as principals, wherein one of the latter made default and the others answered *non est factum*, it was not error to allow the plaintiff to put the note in evidence before giving evidence of its execution.

SAME.—*Expert.—Proof of Handwriting, by Comparison.*—The opinion of an expert, as to whether the signature attached to a note is genuine, formed by comparing the same with a signature which the maker admits to be his, is competent evidence to prove the execution of the note.

SAME.—*Competency of Expert.— Weight of Evidence.*—The court trying a cause must determine the competency of a witness to testify as an expert, but it is for the jury to determine the weight of such evidence.

SAME.—*Instruction to find for Codefendant.—Principal and Surety.*—An instruction to the jury trying such action, that the plaintiff had failed to make out a case against certain of the defendants, and directing a verdict for them, though erroneous, yet, if the relation of principal and surety be not shown by the record, it is an error which is not available to a codefendant against whom a verdict is found.

SAME.—*Contribution.—Former Adjudication.*—Such defendant, if obliged to pay the judgment, can enforce contribution from such codefendants, if principals, in a subsequent action.

SAME.—*" Testimony " and "Evidence" Used Interchangeably.*—Where, on such trial, the only written evidence was the promissory note, the use of the words " testimony" and " evidence" interchangeably, in an instruction as to the conflict of testimony, is harmless.

SAME.—*Objection to Form of Judgment.—Practice.*—If the form of a judgment is unsatisfactory to a party, he must make a motion to modify it, to reserve any question thereon.

From the Hancock Circuit Court.

*W. R. Hough*, for appellants.

*M. Marsh* and *J. H. Mellett*, for appellee.

PERKINS, J.—Suit by the appellee, upon a promissory note, of which William S. Wood, Marion Forgey, Thomas Wood and W. L. Garriott, appeared to be the makers, and by which they appeared to promise to pay the appellee four thousand dollars. Wm. S. Wood had deceased before the suit was instituted, and his administrators were made de-

fendants. They suffered judgment against them by default.

Marion Forgey, Thomas Wood and W. L. Garriott severally answered *non est factum.*

Upon the issues, the jury found against Marion Forgey, and in favor of Wood and Garriott. Forgey moved for a new trial, his motion was overruled, and judgment was rendered against him. He appealed to this court, the other defendants, the administrators, declining to join in the appeal. He has assigned for error that the court erred in overruling his motion for a new trial.

No cross assignment of error is made.

Nine reasons were stated for the granting of the motion for a new trial.

We will notice such as are relied on by counsel for appellant.

1. That the circuit court permitted the promissory note sued on to be given in evidence before its execution was proved.

It was necessary to a recovery on the note, under the issue in the cause made by Forgey, that it should be given in evidence and its execution *prima facie* proved. *Collins* v. *Maghee,* 32 Ind. 268.

Naturally, the execution of the note should first have been proved; but "The order of time for the introduction of evidence to support the different parts of an action or defence, must be generally left to the discretion of the party who introduces the evidence." *Throgmorton* v. *Davis,* 4 Blackf. 174. *Hadden* v. *Johnson,* 7 Ind. 394; *Ginn* v. *Collins,* 43 Ind. 271. See *Taylor* v. *Gay,* 6 Blackf. 150.

2. That the circuit court permitted Wm. W. Woollen and J. Ward Walker to testify as experts, upon a comparison of the handwriting of the signature to the note in suit, with specimens of Forgey's signature admitted to be genuine, and to give their opinions upon such comparison, as to the genuineness of the signature to the note.

Formerly, such testimony was inadmissible. *Clark* v. *Wyatt*, 15 Ind. 271.

Such testimony is now admissible. *Chance* v. *The Indianapolis, etc., Gravel Road Co* , 32 Ind. 472. But the witnesses giving it must be experts, that is, persons experienced in judging of handwriting; and, of the competency of those offered to testify as experts, the court trying the cause is the judge.

Mr. Woollen had been managing a bank sixteen years, and had made the signatures to paper a study for twenty-five years, and considered himself competent to judge of the genuineness of paper, etc. J. Ward Walker had been cashier of the Greenfield Bank for the last five years; could judge, to his own satisfaction, as to the genuineness of paper, by comparison of signatures, but might make a mistake; and, we may ask, what witness might not?

We are satisfied these witnesses were competent to testify. The weight of their testimony was for the jury. Walker, it may be observed, did not rely, for his opinion, on the comparison alone. He had some acquaintance with the handwriting of Forgey. *Humphries* v. *Johnson*, 20 Ind. 190; *Chance* v. *The Indianapolis, etc., Gravel Road Co.*, 32 Ind. 472.

We find no test laid down by which we can determine, with mathematical precision, just how much experience a witness must have had, how expert, in short, he must be, to render him competent to testify as an expert. The following cases in our own reports may be consulted on this subject: *Burdick* v. *Hunt*, 43 Ind. 381; *Huston* v. *Schindler*, 46 Ind. 38; *Davis* v. *The State*, 35 Ind. 496; *House* v. *Fort*, 4 Blackf. 293; *The Jeffersonville R. R. Co.* v. *Lanham*, 27 Ind. 171; *Blizzard* v. *Applegate*, 61 Ind. 368; *The Louisville, etc., R. W. Co.* v. *Spain*, 61 Ind. 460; *Hinds* v. *Harbou*, 58 Ind. 121; *Eggers* v. *Eggers*, 57 Ind. 461. See, also, *McEwen* v. *Bigelow*, 40 Mich. 215, where the court, by

COOLEY, J., says the court must exercise a fair discretion in the admission of witnesses as experts.

The next point made by appellants' counsel is, that "the court erred in each of its instructions to the jury."

We copy those on which any question can arise:

"1. The plaintiff is entitled to a verdict in this case against the estate of William S. Wood, deceased.

"2. The plaintiff has not made out a case against Thomas Wood or William L. Garriott; your verdict, therefore, will be for them.

"3. To entitle the plaintiff to a verdict against Marion Forgey, it must have been proved by a preponderance of evidence, that Marion Forgey signed the note in suit. And, if the plaintiff has made such proof, it should have a verdict against him; if such proof has not been made, your verdict should be in his favor.

"4. If there is a conflict in the testimony, it is your duty to take such a view of the evidence as will enable you to believe all the witnesses, if that can be done; but, if it can not, then it is your province to believe such of the witnesses as, under all the circumstances, you think entitled to belief, and disbelieve such as you think least entitled to credit, and, in determining the weight you will give to the testimony of a witness, you should consider his manner of testifying, and conduct while on the witness stand, his opportunity of knowing the facts about which he testifies, the reasonableness or unreasonableness of the matters which he testifies to, his willingness and readiness, or reluctance and hesitancy, in answering questions, and all circumstances that will enable you to determine the weight to be given to the testimony."

The remaining instructions are formal, and need not be copied.

No objection is urged to the first instruction.

The second directs the jury to find in favor of Wood and Garriott, because the evidence made no case against

either of them. It is contended that this instruction was erroneous as to Wood, and that Forgey may avail himself of the error, because Wood is a co-surety and would be bound to contribute if held liable. We may say that the judgment against Forgey appears by the record to have been clearly right and cannot be reversed. We incline to the opinion that there was a very small amount of evidence tending to prove that Thomas Wood signed the note sued on, though the weight of evidence was so great in his favor, that a jury would probably never find, upon it, a verdict against him. Properly, however, the court should not have given the second instruction, so far as it related to the case of said Wood. *Steinmetz* v. *Wingate,* 42 Ind. 574.

The plaintiff, it will be observed, against whom the instruction directly operated, takes no exception to it. But if circumstances might have been presented by the record which would have authorized Forgey to take advantage of the said error, such circumstances are not thus presented.

The suit in this case was upon a promissory note against all the parties to it as principals. The administrator of William S. Wood, deceased, made default. The other defendants, being Marion Forgey, Thomas Wood and W. L. Garriott, severally answered *non est factum.* These issues of *non est factum* were the only issues presented for trial in the cause. The question of principal and surety, as between any of said parties, was not made. *Laval* v. *Rowley,* 17 Ind. 36; *Watson* v. *Beabout,* 18 Ind. 291. For aught that appears, Forgey may have been principal in the note. If so, Thomas Wood, if a surety, as counsel assert, would not be liable to him for contribution, even if his signature to the note was genuine. Again, it is said by counsel that Wm. S. Wood was the principal in the note. Judgment went against his administrators by default. If it shall be shown, as it may be hereafter (2 R. S. 1876, p. 276, sec. 672,

*et seq.*), that said W. S. Wood was principal, his estate may pay the debt so as to relieve all sureties.

It is plain, that no case is made on the statement of counsel, as to the relation of the parties, wherein Forgey has a right to claim, in his behalf, the benefit of errors committed in trying the issue between the plaintiff below and Thomas Wood. It is not shown that he is injured by such errors. Besides, if said Forgey should have to pay the judgment, he might recover contribution from Wood, if a principal. *Harvey* v. *Osborn*, 55 Ind. 535.

It is objected to the fourth instruction, that the court uses the words "testimony" and "evidence" interchangeably, without calling the attention of the jury to the difference in their signification. In this case the evidence was all testimony except the note.

We think, therefore, that the jury could not have been confused and misled by the interchange of these terms in the instruction, in making proper application of it.

If the form of the judgment rendered was unsatisfactory, a motion to modify, etc., should have been made below. *Baker* v. *Horsey*, 21 Ind. 246; *Wilkerson* v. *Rust*, 57 Ind. 172. No such motion was made.

We think no error appears in the record, for which the judgment should be reversed.

Affirmed, with costs.