## DICKINSON *v.* THE STATE.

CRIMINAL LAW.—*Verdict.—Acquittal.—Harmless Ruling* — A verdict of guilty on a particular count of an indictment, which is silent as to the other counts, is equivalent to an acquittal on such counts ; and therefore an erroneous refusal to quash them is harmless.

Dickinson *v.* The State.

SAME.—*Assault, and Assault and Battery, with Intent to Rob.—Duplicity.—Indictment*—The fact that an indictment technically charges both an assault, and an assault and battery, with intent to rob, does not render it bad for duplicity.

SAME.—*Description of Property.*—Such an indictment need not describe the particular property which the defendant intended to take.

SAME.—*Evidence.—Time.—Limitation.*—Where, on the trial of such prosecution, the evidence fails to show the year in which the alleged crime was committed, or, at least, that it was committed within two years next preceding the commencement of the prosecution, a verdict of guilty can not be upheld.

From the Benton Circuit Court.

*M. H. Walker* and *D. Smith*, for appellant.

*T. W. Woollen*, Attorney General, for the State.

HOWK, J.—At the February term, 1880, of the Benton Circuit Court, the appellant and two other persons were jointly indicted, by the grand jury of said court and term. The indictment contained four counts, of which the first three charged the appellant and the other defendants therein named with the crime of robbery, and the fourth count charged them with an assault, and an assault and battery, with the intent to commit a robbery. The appellant moved the court to quash each count in the indictment, which motion was overruled, and to this decision he excepted. He then moved the court to quash the indictment, as to the felonious intent in each count thereof, which motion was overruled, and to this ruling he excepted. He also moved the court to require the prosecuting attorney to elect upon which count of the indictment he would go to trial, which motion was also overruled, and to this decision he excepted. Upon arraignment the appellant entered a plea of not guilty to the indictment, and was awarded a separate trial.

The issues joined were tried by a jury, and a verdict was returned finding the appellant guilty of an assault and battery, with the intent to commit a robbery, as charged in the fourth count of the indictment, and assessing his

punishment at imprisonment in the state-prison for the term of two years, and a fine of one dollar. His motion for a new trial having been overruled and his exception entered to this ruling, the court rendered judgment on the verdict, and from this judgment he has appealed to this court.

The appellant has here assigned, as errors, *inter alia*, the following decisions of the circuit court:

4. In overruling his motion to quash the fourth count of the indictment;

5. In overruling his motion to quash the felonious intent charged in the fourth count of the indictment;

6. In overruling his motion to require the prosecuting attorney to elect upon which count of the indictment he would go to trial; and,

7. In overruling his motion for a new trial.

The first, second and third errors, assigned by the appellant, we need not and do not set out, as these errors relate to the decisions of the court in overruling his motions to quash the first three counts of the indictment. In the verdict of the jury, as we have seen, the appellant was found guilty as charged in the fourth count of the indictment; while, as to the first three counts of the indictment, the verdict was entirely silent. In legal effect, this silence was tantamount to a verdict of not guilty, in the appellant's favor, upon the first, second and third counts of the indictment. *Weinzorpflin* v. *The State*, 7 Blackf. 186; and *Bittings* v. *The State*, 56 Ind. 101.

Therefore, even if the first three errors assigned by the appellant upon the overruling of his motions to quash the first three counts of the indictment were well assigned, yet, as he was virtually acquitted of the charges in these three counts, these errors would not be available to him for the reversal of the judgment below, and need not be considered.

The fourth alleged error presents for our decision the

question of the sufficiency of the fourth count of the indictment. We set out this fourth count, in substance, as follows:

"Fourth. And the grand jurors aforesaid, upon their oath aforesaid, further present and charge, that on the said 20th day of December, A. D. 1879, at and in the said county of Benton and State of Indiana, the said Joseph Yatro, James Riley and Henry W. Dickinson did then and there unlawfully, feloniously, forcibly and violently make an unlawful attempt to commit a violent injury upon the person of the said Hansey Hamilton, (they, the said Joseph Yatro, James Riley and Henry W. Dickinson then and there, jointly and severally, having the present ability to commit a violent injury upon the person of said Hamilton,) and him, the said Hamilton, did then and there unlawfully, feloniously, forcibly and violently, and in a rude, insolent and angry manner, touch, strike, beat, push, bruise and wound, with intent then and there and thereby, unlawfully, feloniously, violently and forcibly, by violence, to rob, steal, take and carry away from the person of said Hamilton and against his will, the money of said Hamilton, consisting of divers United States treasury notes, national bank notes, and divers silver coins of the United States, then and there on the person of the said Hamilton being, and of the value of fifty dollars; all contrary to the form of the statutes," etc.

The first objection urged by the appellant's counsel to the sufficiency of the fourth count of the indictment, in argument, is its duplicity, in this, that it charged the appellant, in technical terms, with an assault, and also an assault and battery, with the felonious intent, etc. We are of the opinion, however, that this objection afforded no sufficient ground for quashing the fourth count of the indictment; for the defect complained of is one which could not and did not " tend to the prejudice of the substantial rights of the defendant upon the merits." 2 R. S.

1876, p. 387.   The charge of an assault is included in the charge of an assault and battery; and if the appellant had been charged only with an assault and battery, with the felonious intent, he might have been convicted of an assault merely, with or without the intent, according to the evidence.   *The State* v. *Prather*, 54 Ind. 63 ; *Jones* v. *The State*, 60 Ind. 241.

The appellant's counsel also claim, that the motion to quash the felonious intent, as charged, ought to have been sustained, upon the ground that " the denominations of the money are not averred." This point was determined otherwise, in the recent case of *Buntin* v. *The State*, 68 Ind. 38, wherein it was held, that in an indictment for an assault and battery, with intent to commit a robbery, it was not necessary to describe the particular property which the defendant intended to take from the person upon whom the assault, or assault and battery, was committed, with such felonious intent. In the case cited, it was said by WORDEN, J., speaking for the court: " In such case it could not, with propriety, be said that the assailant intended to take any particular article : and, therefore, it would be sufficient to allege an intent to take goods and chattels, without a more particular description of them."

The alleged error of the court, in overruling the appellant's motion to require the prosecuting attorney to elect upon which count of the indictment he would go to trial, is expressly waived by his counsel, who concede that this matter was wholly within the discretion of the trial court. *Snyder* v. *The State*, 59 Ind. 105.

Under the alleged error of the court, in overruling the appellant's motion for a new trial, the first point made by his counsel and pressed with much earnestness, is, that the verdict of the jury was not sustained by sufficient evidence and was contrary to law ; because, they say, " there was no evidence whatever introduced to show in what year the crime charged was committed." The evidence is in the

record by a proper bill of exceptions, and it shows, beyond a peradventure, that the fact is as counsel state. The evidence tends to show, that the felony charged was committed on "December 20th," but, as to the year in which it was committed, the evidence is entirely silent. In section 12 of the criminal code of this State, it is provided, in substance, that in all criminal cases, other than prosecutions for treason, murder, arson and manstealing, which may be commenced at any time after the commission of the offence, and in prosecutions where the penalty can not exceed a fine of three dollars, which must be commenced within sixty days after the offence is committed, "prosecution for an offence must be commenced within two years after its commission." 2 R. S. 1876, p. 374. It will be seen, that the offence for which the appellant was prosecuted, in the fourth count of the indictment, " must be commenced within two years after its commission."

The precise day, month and year, on which the offence was charged to have been committed, need not to have been shown; but it was necessary, that the evidence should clearly show that the prosecution had been commenced within the term of two years after the commission of the offence, and had not been barred by the statute of limitations. Proof of the month, and day of the month or week, would not be sufficient, in the absence of evidence of the year, or, at least, showing that the commission of the alleged offence was within the term of two years next preceding the commencement of the prosecution. Hatwood v. The State, 18 Ind. 492; Baker v. The State, 34 Ind. 104; and Buckner v. The State, 56 Ind. 207.

A number of other points have been presented and discussed by the appellant's counsel, which we need not now consider and decide, as the judgment will have to be reversed for the insufficiency of the evidence to sustain the verdict. On this ground, we think that the motion for a new trial ought to have been sustained.

The judgment is reversed, and the cause is remanded for a new trial. The clerk will issue notice to the warden of the proper prison, for the return of the appellant to the sheriff of Benton county.