Siebert *v.* The State.

Filed May 26, 1884.

------

No. 11,658.

## SIEBERT *v.* THE STATE.

CRIMINAL LAW.—*Assault.—Assault and Battery.—Intent.—Indictment.—Duplicity.*—Where the defendant is charged in technical terms, in a single count, with an assault, and an assault and battery, with the intent to ·commit a felony, for each of which offences the same punishment is prescribed in section 1909, R. S. 1881, there is no such duplicity therein as will afford sufficient ground for quashing the indictment.

SAME.—*Change of Judge.—Change of Venue.—Affidavits and Counter Affidavits. Bill of Exceptions.—Error.—Supreme Court.*—Where applications are made to the trial court for either a change of judge or a change of venue from the county, the affidavits and counter affidavits filed in connection therewith must be made parts of the record by a bill of exceptions, or the rulings thereon will not constitute such errors as can be considered by the Supreme Court.

SAME.—*Prosecuting Attorney.*—*Additional Counsel.*—*Discretion of Trial Court.* It is in the discretion of the trial court to allow additional counsel to assist the prosecuting attorney in the prosecution of a criminal cause, and, unless the record affirmatively shows an absolute abuse of such discretion, the Supreme Court will not be authorized to review its exercise.

SAME.—*Idem Sonans.*—*Names.*—*Question of Fact.*—Whether two names of slightly variant orthography are, or are not, *idem sonans*, is a question of fact for the jury, and not of law for the court.

SAME.—*Instructions.*—The instructions of the trial court to the jury are construed by the Supreme Court with reference to each other, and as an entirety; and if, thus construed, the entire instructions present the law fairly and correctly, and are not calculated to mislead, the judgment will not be reversed thereon, even though a single expression, detached from its context, might be erroneous.

SAME.—*Merger.*—*Jurisdiction of Justice of the Peace.*—*Former Acquittal or Conviction.*—An assault, or an assault and battery, is merely a misdemeanor, but, when committed with the intent to commit a felony, it becomes itself a felony wherein the misdemeanor is merged; and, as a justice of the peace has no jurisdiction to try and acquit or convict a defendant charged with a felony, when the jury find him guilty of the felonious intent charged, then it becomes the duty of the jury, without regard to the proceedings before the justice, to convict the defendant of the felony charged in the indictment.

From the Criminal Court of Allen County.

*S. R. Alden,* for appellant.

*F. T. Hord,* Attorney General, *C. M. Dawson,* Prosecuting Attorney, *H. Colerick* and *W. S. Oppenheim,* for the State.

HOWK, J.—The indictment against the appellant in this case contained two counts. In the first count it was charged " that, on the 13th day of October, A. D. 1883, at the county of Allen and State of Indiana, William Siebert did then and there unlawfully, feloniously, purposely, and with premeditated malice, attempt to commit a violent injury upon the person of John Tonges *alias* Johann Tonges, he, the said William Siebert, then and there having the present ability to commit a violent injury upon the person of the said John Tonges *alias* Johann Tonges, and him, the said John Tonges *alias* Johann Tonges, did then and there unlawfully, felo-

niously, purposely, and with premeditated malice, in a rude, insolent and angry manner, strike, beat, bruise and wound, with a heavy piece of plank, with the felonious intent him, the said John Tonges *alias* Johann Tonges, then and there, and thereby, to feloniously, purposely, and with premeditated malice kill and murder."

The second count of the indictment differs from the first count only in this, that it charges the appellant to have committed the assault, and the assault and battery, " with the endgate of a wagon," with the felonious intent, etc.

Appellant's motions to quash each count of the indictment, and for a change of judge, and for a change of venue from the county, were severally overruled by the court, and to each of these rulings he excepted. Upon arraignment, he entered his plea that he was not guilty as charged. The issues joined were tried by a jury, and a verdict was returned, finding him guilty of an assault and battery, with intent to commit murder in the second degree, as charged in the indictment, and that he be imprisoned in the State prison for the period of two years, and fined in the sum of one dollar. Over his motions for a new trial and in arrest of judgment, the court rendered judgment against him in accordance with the verdict.

The first error complained of by the appellant is the overruling of his motion to quash each count of the indictment, for the following specified causes:

" 1. That neither count of the indictment states with sufficient certainty the offence for which he is held;

" 2. That each count of the indictment charges two separate offences; and,

" 3. For duplicity in each count of the indictment."

It is manifest that it was intended to charge the appellant in each count of the indictment with the commission of the felony which is defined, and its punishment prescribed, in section 1909, R. S. 1881. This section provides as follows: " Whoever perpetrates an assault or an assault and battery upon any human being, with intent to commit a felony, shall,

upon conviction thereof, be imprisoned in the State prison not more than fourteen years nor less than two years, and be fined not exceeding two thousand dollars." An assault merely is defined in section 1910; an assault and battery is defined in section 1911; and the particular felony, which it is charged the appellant had the intent to commit, namely, murder in the first degree, is defined in section 1904, R. S. 1881.

It will be observed that in each count of the indictment the appellant is charged, in accurate and technical language, with an assault, and, also, with an assault and battery, with the felonious intent, etc. For this reason, it is earnestly insisted by the appellant's counsel, that each count of the indictment is bad for duplicity, and the motion to quash the same ought to have been sustained. A similar objection was urged to the fourth count of the indictment in *Dickinson* v. *State*, 70 Ind. 247. The court there said : " The first objection urged by the appellant's counsel to the sufficiency of the fourth count of the indictment, in argument, is its duplicity, in this, that it charged the appellant, in technical terms, with an assault and also an assault and battery, with the felonious intent, etc. We are of the opinion, however, that this objection afforded no sufficient ground for quashing the fourth count of the indictment; for the defect complained of is one which could not and did not ' tend to the prejudice of the substantial rights of the defendant upon the merits.' 2 R. S. 1876, p. 387. The charge of an assault is included in the charge of an assault and battery; and if the appellant had been charged only with an assault and battery, with the felonious intent, he might have been convicted of an assault merely, with or without the intent, according to the evidence. *The State* v. *Prather*, 54 Ind. 63 ; *Jones* v. *The State*, 60 Ind. 241."

In section 1756, R. S. 1881, it is provided, in substance, that no indictment shall be deemed invalid, nor shall the same be set aside or quashed, for any defect or imperfection therein, " which does not tend to the prejudice of the substantial rights of the defendant upon the merits." Where the de-

fendant is charged, in a single count, with the commission of two offences growing out of one and the same transaction, the one of which in legal effect is included in the other, both defined in the same section of the statute, and both subject to precisely the same punishment, it can not be correctly said, we think, that such duplicity in the count, if such it be, would or could tend to the prejudice of the substantial rights of the defendant upon the merits. We recognize the doctrine that in criminal pleading there can be no joinder of separate and distinct offences in one and the same count. *Knopf* v. *State,* 84 Ind. 316; *State* v. *Weil,* 89 Ind. 286. But the doctrine in question is not applicable, as it seems to us, to such cases as *Dickinson* v. *State, supra,* or the case in hand.

Our conclusion is, therefore, that no such error was committed by the trial court, in overruling the appellant's motion to quash either count of the indictment, as would justify or authorize the reversal of the judgment.

The next errors complained of in argument are the overruling of appellant's motions for a change of judge, and for a change of venue from the county. Neither of these supposed errors is so saved in or presented by the record of this cause that it can be considered and passed upon by this court. The record shows that the motion for the change of judge was made upon affidavit, and that, when it was overruled, twenty-five days were given the appellant " in which to settle and file his bill of exceptions herein." It is also shown by the record that appellant's motion for a change of venue from the county was based upon affidavits filed, and that the prosecuting attorney filed the counter affidavits of certain persons; and that, when the motion was overruled, thirty days were given the appellant " in which to file his bill of exceptions herein." The transcript filed in this court does not contain either of these bills of exceptions, and it fails to show that either of such bills was ever signed or filed in the lower court. Such affidavits and counter affidavits can only be made parts of the record on appeal by bill of exceptions or by an order

of the court. *Horton* v. *Wilson*, 25 Ind. 316 ; *Smith* v. *Smith*, 77 Ind. 80. The clerk has copied into the transcript the appellant's individual affidavits, but the other affidavits and counter affidavits are not to be found therein. The overruling of these motions were proper causes for a new trial, and were improperly assigned as independent errors. *Berlin* v. *Oglesbee*, 65 Ind. 308, and cases cited. But as they were assigned as causes for a new trial in appellant's motion therefor, we have considered them in the order adopted by counsel. *Kennedy* v. *State*, 37 Ind. 355.

Appellant's counsel next complains, in argument, that an attorney of the trial court was hired by one of the witnesses for the State, who was the uncle of the prosecuting witness, to prosecute the appellant in this cause, and was permitted by the court, over the appellant's objections, to examine witnesses and make the opening and closing arguments in said cause, with the consent of the court, the prosecuting attorney assisting in the prosecution of the cause, and being present during the entire time, and in no wise incapacitated to prosecute said cause. This is the substance of what is shown by the bill of exceptions in regard to the matter complained of. The cause assigned by the appellant for a new trial, which we suppose was intended to present the matter complained of for the consideration of the trial court and of this court, was substantially as follows : "Error of law occurring at the trial of said cause, in this, that the court, over the objection and exception of this defendant, permitted * * an attorney practicing at the bar of said court to assist in the prosecution of said cause, and make the opening and closing arguments for the State, without having been appointed or authorized by the court, or requested by the State or its prosecuting attorney so to do."

If it were conceded that the matters stated in this cause for a new trial constituted such an error of law as would authorize or require the granting of such new trial, if shown to be true, yet it is clear that the truth of such matters is not shown

by the bill of exceptions, or in any other legal manner, in the record of this cause; for it nowhere appears in the record that the attorney referred to was not " requested by the State, or its prosecuting attorney," to aid in the prosecution of the cause; and it does appear by the bill of exceptions that the attorney referred to examined witnesses and made the opening and closing arguments in the cause, " with the consent of the court," and the consent of the court necessarily implies the authority of the court. In this court the statement of facts in a cause for a new trial is not regarded as true unless its truth is shown by a bill of exceptions properly in the record. *Graeter* v. *Williams*, 55 Ind. 461 ; *Hyatt* v. *Clements*, 65 Ind. 12 ; *Heckelman* v. *Rupp*, 85 Ind. 286. Besides, the record fails to show in any manner, by affidavit or otherwise, that the action of the court, in permitting the attorney named to assist the prosecuting attorney, injured the appellant in any way or to any extent. Finally, we are of opinion that the question under consideration must be left to the discretion of the trial court; and that, where the action of the court in this regard is complained of, the complaining party must show by the record, positively and affirmatively, an absolute abuse of such discretion, and that he was injured thereby, before this court will be authorized to review such action. There is no such showing in the record of the case at bar. *Wood* v. *State*, 92 Ind. 269.

It is next insisted on behalf of the appellant that the trial court erred in refusing to give the jury, at his request, the following instruction: " Proof that the alleged injury was committed on a person who spells his name J-o-h-n T-o-e-n-g-e-s or J-o-h-a-n-n T-o-e-n-g-e-s, does not support the allegation that it was committed on a person who spells his name John Tonges or Johann Tonges; therefore, if you find from the evidence that the offence charged in the indictment was committed by the defendant on a person who spells his name John Toenges or Johann Toenges, there would be a variance between the name of the person charged in the in-

dictment to have been injured and the proof, and you should acquit the defendant."

There certainly was no error in the refusal of the court to give this instruction. It assumes as matter of law that, by reason of the difference in the orthography of the names Tonges and Toenges, they are of necessity not *idem sonans*. Whether or not the two names, by reason of the slight variance in their respective orthography, were *idem sonans* or were not of the same sound, was a question of fact for the jury, and not of law for the court. *Smurr* v. *State*, 88 Ind. 504.

Appellant's counsel says: "Instruction No. 4, given by the court, is unquestionably error of such nature as to prejudice defendant's rights on the merits. A bare reading of the instruction is argument enough." We have read the instruction complained of, indeed, we may say that we have read it several times; for it is a literal copy of the statutory definition of murder in the second degree, in section 1907, R. S. 1881. We fail to see any error in this instruction, and the appellant's counsel has failed to point out the "unquestionable error" therein.

Appellant's counsel further says: "The court also charged the jury that 'A reasonable doubt is such a doubt, as the jury are able to give a reason for;' thus," says counsel, "imposing on jurors a readiness of analysis and expression, that universal experience demonstrates impossible to expect or require." We are not certain that we understand what counsel means by his criticism of a single expression, in a long instruction, detached from its context. We have quoted, from the brief of counsel, all that he has said of the expression, singled out from the instruction for his criticism. While we are in doubt as to what counsel means by his criticism, we do not doubt that his mode of criticising a single detached expression, taken from a long instruction, is one not to be favored or approved. It is well settled that the instructions of a court to a jury are to be construed with reference to each

other, and as an entirety. *Eggleston* v. *Castle*, 42 Ind. 531; *Kirland* v. *State*, 43 Ind. 146 (13 Am. R. 386); *McCulley* v. *State*, 62 Ind. 428. This rule is especially applicable to cases, such as the one in hand, where a detached expression from a single instruction is complained of. Construed in conformity with this rule, the instruction, from which counsel excerpts the expression commented upon by him, contains a fair and correct statement of the doctrine of reasonable doubt.

An elaborate argument is made by the appellant's counsel, for the purpose of showing that the verdict of guilty, as to the felonious intent, was not sustained by sufficient evidence. We have carefully read and considered the evidence, and have reached the conclusion that the case is not one in which we, as an appellate court, can or ought to disturb the verdict of the jury, or reverse the judgment of the trial court, merely upon the evidence. There is no clear defect, no link gone or too weak in the chain of facts which tend to establish the appellant's guilt of the felony, wherewith he was charged. "The jury found the verdict upon the evidence, and the court has sanctioned it by its judgment; and, though the evidence does not completely satisfy us, we can find no error in the law, and know of no judicial rule by which we can reverse the judgment pronounced below." *Cox* v. *State*, 49 Ind. 568. *Kelly* v. *State*, 64 Ind. 326; *Christy* v. *Holmes*, 57 Ind. 314.

It is urged with much earnestness, on behalf of the appellant, that the court erred in its refusal to give the jury, at his request, the following instruction: "If the defendant has been arrested on a sufficient affidavit, filed before a justice of the peace having jurisdiction, charging an assault and battery, and the evidence further shows that said assault and battery, so charged in said affidavit, is the same charged herein and on the same person, that, on said affidavit, the defendant was arrested, arraigned and pleaded not guilty, and the cause was submitted for trial and evidence offered touching the matters alleged in said affidavit, and the cause con-

tinued for further hearing, then you should not convict the defendant of an assault and battery herein."

In the same connection appellant's counsel also complains of the action of the court in giving the jury an instruction, to the effect that if after a careful and dispassionate consideration of all the proof and circumstances in evidence before them, they had a reasonable doubt as to whether the accused was guilty of an assault and battery, with the felonious intent to commit murder either in the first or second degree, or voluntary manslaughter, then they should consider whether he was guilty of simple assault and battery, and if, from a careful consideration of all the evidence before them, they believed beyond a reasonable doubt that the defendant was guilty of an assault and battery simply, they should so find by their verdict.

It is certain, we think, that the court did not err in refusing to give the jury the instruction asked for by the appellant, because it did not contain a correct statement of the law applicable to the case then on trial. If the jury found from the evidence that the defendant was guilty of the felonious intent charged in the indictment, then, no matter what they might find in reference to the proceedings had before the justice of the peace, it became their duty upon the evidence to convict the defendant of an assault and battery, with such felonious intent. This is so, because a justice of the peace, under our law, has no jurisdiction to either acquit or convict a defendant charged with a felony, his only authority in such a case being that of an examining court to hear and discharge, or commit and bind over, the defendant to appear before a court having jurisdiction to try the case. This point is settled by the decision of this court in the case of *State* v. *Huttabough*, 66 Ind. 223. The instruction asked was properly refused. *State* v. *Morgan*, 62 Ind. 35.

As to the instruction of the court to the jury in reference to their verdict, in the event they found the defendant not guilty of any felonious intent as charged, it is manifest that

the instruction, even if erroneous, did not in any manner injure the defendant; for, as the jury found the defendant guilty of the felonious intent, it is certain that the instruction complained of did not influence or induce the verdict. We do not find it necessary, therefore, to consider or pass upon such instruction, because, even if it be erroneous, the error was harmless.

We have found no error in the record of this cause which authorizes or requires the reversal of the judgment.

The judgment is affirmed, with costs.

