WILLIAMS *v.* THE STATE.—In Error.

*ELIJAH WILLIAMS* was convicted of incest, in the *Adams* Circuit Court, upon the following charge in an indictment.

" *Elijah Williams*, late of said county, on the first day of *December*, in the year of our *Lord* one thousand eight hundred and. forty-nine, at the county of *Adams* aforesaid, unlawfully did have sexual intercourse with his daughter, *Elizabeth Williams*, the said *Elizabeth* then and there knowing that she, the said *Elizabeth*, was his, the said *Elijah's*, daughter," &c.

The indictment is claimed to be predicated upon section 42 of the R. S., which enacts that "if any father shall have sexual intercourse with his daughter, knowing her to be such," he " shall be deemed guilty of incest," &c.

This indictment is bad in not alleging that *Williams* had the intercourse with his daughter, "knowing her to be such," unless the word unlawfully is equivalent to such allegation. We think it is not. *Williams* might have had the intercourse by way of rape, adultery, or fornication, either of which might have been unlawful, and he still been ignorant that such intercourse was with his daughter. See *Judah's* case, 38 chap. of Gen., 15 to 26 ver. inclusive.

This defect, being available on demurrer or motion to quash, is not cured by verdict. 1 Chit. Cr. L. 662.

The judgment is reversed. Cause remanded, &c.

*W. March*, for the plaintiff.

*D. Wallace*, for the defendant.