State v. Bullinger.

THE STATE OF MISSOURI Respondent, *vs.* PHILIP BULLINGER, Appellant.

1. *Practice, criminal—Incest—Indictment, allegations of.*—In an indictment for incest with his daughter, it is not necessary to allege, that the defendant had carnal knowledge of the prosecutrix, knowing her to be his daughter.

2. *Practice, criminal—Trials—Incest—Relationship, how proved.*—In trials for incest the relationship of the parties may be proved by reputation.

*Appeal from St. Louis Criminal Court.*

*Stewart & Wieting*, for Appellant.

I. The indictment does not charge a crime against defendant in that it does not state, that he had carnal knowledge of the prosecutrix, knowing her to be his daughter. (Williams vs. State, 2 Ind., 439.)

II. The fact that defendant had called the prosecutrix daughter, and she had called him father, which is all the evidence offered on this subject, is not sufficient evidence of the relationship. (Morgan vs. State, 11 Ala., 289.) She may be the daughter of defendant's wife by a former husband, she may have been adopted by him in her infancy, or she may be the wife of defendant's son.

III. Such a grave case should be so. proven as to leave no room for a rational doubt. (Clark vs. State, 37 Ga., 191.)

IV. The testimony to prove that Mrs. Schoekel is the author of this prosecution was competent to contradict the prosecutrix, who testified that Mrs. S. had nothing to do with the prosecution, and to show that a conspiracy existed between the prosecutrix and Mrs. Schoekel, to ruin the defendant, and in this way, also effect the credit to be given to the testimony of the prosecutrix.

*J. C. Normile*, for Respondent.

I. The evidence of what Mrs. Schockel said or did, she being a stranger to the record, was properly ruled out. The declaration of a third party, not examined as a witness, made out of court, is mere hearsay and not evidence of the fact stated in such declaration. (Salmon vs. Orser, 5 Duer, 511; Bailey vs. Wood, 24 Geo., 164; Ibbitson vs. Brown, 5 Iowa,

532: Person's Adm'rs vs. Burdick, 6 Wis., 63; Baker vs. Coleman, 35 Ala., 221; Alexander vs. Mahon, 11 Johns., 185; Woodward vs. Payne, 15 Johns., 493.)

II. The relation of father and daughter is scarcely probable other than that he has admitted her to be his daughter and treated her as such from childhood, and this is the only proof necessary. (Bish. Stat. Crimes, § 736; Ewell vs. State, 6 Yerg., 364; People vs. Jenners, 5. Mich., 305.)

WAGNER, Judge, delivered the opinion of the court.

This was an indictment and conviction under the statute (W. S., 499, § 6), for the crime of incest.

The first objection made as to the sufficiency of the indictment, that it does not charge that defendant had carnal knowledge of the prosecutrix, knowing her to be his daughter, is not tenable.

The only case cited in support of the objection, is Williams vs. State (2 Ind., 439), and that case was decided under a statute materially different from ours. The words of the Indiana Statute were, " If any father shall have sexual intercourse with his daughter, knowing her to be such," and the indictment alleged, that the defendant unlawfully did have sexual intercourse with his daughter; this was held to be insufficient, as not containing any averment of his knowledge of the relationship, the word "unlawfully" not being considered an equivalent for the words of the statute. But where such express statutory language does not exist, and the matter rests merely upon the ordinary rules of pleading, there is no necessity for the indictment to allege a knowledge of the relationship on the part of the defendant. (2 Bish. Crim. Proc., § 31; Baker vs. State, 30 Ala., 521; Bergen vs. The People, 17 Ill., 426; Hicks vs. The People, 10 Mich., 395.)

The indictment in this case charges the defendant with unlawfully, incestuously, knowingly, feloniously and willfully committing the crime, and that is abundantly good under the statute.

After the State had closed its evidence, the defendant asked the court to give one instruction, that there was no evidence

from which the jury could find that the defendant and the prosecutrix were within the degrees of consanguinity so as to make the offense incest. This instruction was, we think, properly refused. The evidence showed, that defendant recognized and held out the prosecutrix as his daughter; that he clothed her and called her such, and that she called him "father;" that those, who were intimate with the family, always regarded her as his daughter, and that another daughter, who was a witness, swore that she was her sister. This was certainly *prima facie* evidence, sufficient to carry the case to the jury. Whatever different views may have been formerly entertained, the better doctrine now is, that on an indictment for incest, the relationship and pedigree of the parties may be proved by reputation. (Bish. St. Cr., § 735; Ewell vs. State, 6 Yerg., 364.)

The defendant offered to prove, that a third person, a Mrs. Schoekel, was the author of the prosecution, and that she had stated this fact, declaring that she intended to ruin the defendant, and that she had persuaded the prosecutrix to make the affidavit against her father.

I do not see upon what grounds the testimony was admissible. Mrs. Schoekel was not a witness in the case; she had not testified, and any impeachment of her motives would have been wholly foreign to the case.

The evidence of the prosecuting witness clearly and positively proved the crime charged in the indictment, and the credibility of the witness was for the jury. The instructions stated the law fairly and justly, and are amply supported by the best authorities on the subject. Under these circumstances, it is not the province of this court to interfere.

Judgment affirmed. The other judges concur.