## MEYER *v.* THE STATE.

LIQUOR LAW.—*Indictment.*—In an indictment, under the act of February 27th, 1873, for giving intoxicating liquor to a minor, it was not necessary to allege that the defendant had a permit, or that he had not a permit.

SAME.—*Evidence.*—Indictment for giving intoxicating liquor to Edward Gresh, a minor. The evidence showed that the liquor was given to "Gresh," and that "Gresh" was nineteen years old.

*Held,* that the evidence did not show that the liquor was given to the person named in the indictment, or that the person to whom it was given was a minor, and was therefore insufficient.

From the Marion Criminal Circuit Court.

*H. W. Harrington* and *H. Francisco,* for appellant.

*C. A. Buskirk,* Attorney General, and *R. D. Doyle,* for the State.

PETTIT, C. J.—This was an indictment for giving intoxicating liquor to a minor, under the sixth section of the act of February 27th, 1873.

It is claimed that the indictment is bad, and ought to have been quashed on motion, because it does not show that the defendant had or had not a permit. We do not think so. That section makes it unlawful to sell or give intoxicating liquor to a minor, whether the seller or giver has or has not a permit, and the fourteenth section fixes the penalty.

It is insisted that the evidence does not sustain the finding and judgment. In this view we fully concur.

The indictment charges, that the liquor was given to Edward Gresh. The evidence shows that it was given, if at all, to Gresh, but not to Edward Gresh. There may be many persons by the name of Gresh, and none with the prefixed or given name of Edward.

The evidence shows that Gresh, not Edward Gresh, was nineteen years old, but it does not show that he was not older than that, or that he was a minor. For anything that appears in the evidence, Gresh might have lived the age of Methuselah.

The judgment is reversed, with instructions to sustain the motion for a new trial.