Foster v. The State.

---

FOSTER *v.* THE STATE.

CRIMINAL LAW.—*Practice.—Motion for New Trial.*—A motion for a new trial, on account of alleged error in the admission or exclusion of evidence, or erroneous instructions to the jury, should clearly designate the evidence or instructions intended to be referred to.

SAME.—*Supreme Court.— Weight of Evidence.*—The Supreme Court, on appeal, will not disturb a verdict on the mere weight of conflicting evidence.

From the Marion Criminal Circuit Court.

*W. H. Martz* and *J. P. Dunn, Jr.*, for appellant.

*C. A. Buskirk*, Attorney General, and *J. E. Heller*, Prosecuting Attorney, for the State.

WORDEN, J.—The appellant was indicted for an assault and battery upon one James Fry, with intent to murder him.

Trial by jury; conviction and judgment.

Errors are assigned upon the overruling of a motion for a new trial, and a motion in arrest of judgment. Other errors are assigned, but they relate only to such matters as should have been assigned as causes for a new trial.

There was no ground for the motion in arrest. The indictment appears to be good. Indeed, no objection to it is urged.

The causes assigned for a new trial were as follows:

"1st.   That the court has admitted illegal testimony;

"2d.   That the court has excluded proper testimony;

"3d.   That the court has misdirected the jury in a material matter of law;

"4th.   That the verdict is contrary to the law and the evidence."

These causes, except the last, are too vague and indefinite to raise any question. What illegal evidence was admitted, or what proper evidence was excluded, is in no way designated or pointed out. The counsel for the appellant have discussed some of the charges given, and some which were refused. The causes for a new trial do not attempt to raise any question as to the refusal of the court to charge as asked. The third cause complains of a misdirection, but in what charge, or in relation to what matter, or in what particular, the supposed misdirection consisted, is not pointed out. The charges given embrace a series of distinct propositions, numbered as separate charges.

That these causes, except the last, are too indefinite to raise any question, is settled by numerous authorities. See Buskirk Prac. 222, 223, and cases there cited. See, also, *Douglass* v. *Blankenship*, 50 Ind. 160.

With regard to the evidence, it may be said to have

been very conflicting. That adduced by the State made out the case quite clearly and satisfactorily, supposing it to have been in all respects true. That introduced by the defendant, supposing it all to have been true, showed that the defendant was acting in self-defence. The jury have passed upon it; and we can not, in such a case, disturb their finding.

The judgment below is affirmed, with costs.

Petition for a rehearing overruled.