KELLY _v._ THE STATE.

CRIMINAL LAW. — _Weight of Evidence._ — The Supreme Court, on appeal, will not disturb a verdict on the mere weight of evidence.

From the Fountain Circuit Court.

_W. A. Tipton_ and  F.S. _Wood,_ for appellant.

_T. W. Woollen,_ Attorney General, _A. P. Harrell,_ Prosecuting Attorney, _T. L. Stilwell, H. H. Dochterman_ and _G. Mc Williams,_ for the State.

NIBLACK, J.—Frank Kelly, the appellant, was indicted in the court below for the murder of Thomas Mimms. He was found guilty of manslaughter and sentenced to imprisonment in the state-prison for the term of five years.

After the return of the verdict, the appellant interposed a motion for a new trial, assigning as a cause, amongst other things, the insufficiency of the evidence to sustain the verdict, but his motion was overruled.    Error is assigned    here    upon    the overruling    of that    motion. The only objection urged by the appellant to the proceedings below is the alleged insufficiency of the evidence to sustain the verdict.

The appellant, who testified upon the trial as a witness in his own behalf, admitted the killing of the deceased, but stated facts tending to show that the killing was in

self-defence. The only important question upon the trial was whether the appellant had been guilty of a crime, in taking the life of the deceased. As bearing upon that question, the evidence was sharply and irreconcilably conflicting.

There was evidence on the part of the State tending to sustain, and, if believed by the jury, sufficient to sustain the verdict. There was evidence on the part of the appellant tending to make out, and, if believed by the jury, sufficient to make out, a case of killing in self-defence.

Under such circumstances, it was the peculiar province of the jury to determine the relative credibility of the witnesses, and to judge of the weight of the evidence.

The jury having passed upon the evidence in this case, and the court below, which heard the evidence, having refused to set aside their verdict, we can not, under the well established rules of practice in this court, reverse the judgment upon the apparent weight of the evidence merely. *Foster* v. *The State*, 59 Ind. 481; *Cox* v. *The State*, 49 Ind. 568.

We see no sufficient reason for the reversal of the judgment.

The judgment is affirmed, at the costs of the appellant.