No. 8716.

The State *v.* Hamilton.

Liquor Law.—*Sale to Minor.*—*License.*—Under the provisions of the act of March 17th, 1875, 1 R. S. 1876, p. 871, the sale of intoxicating liquor to a minor is one of the prohibited sales which a license does not author- ize a vendor by retail to make; and hence, in a prosecution for such a sale, it is immaterial whether the defendant has or has not a license to sell to another and a different class of persons.

From the Wabash Circuit Court.

*D. P. Baldwin*, Attorney General, *M. Good*, Prosecut- ing Attorney, and *O. H. Bogue*, for the State.

Niblack, J.—This was a criminal prosecution, commenced before a justice of the peace. The affidavit was as follows:

"George King, being duly sworn according to law, upon his oath says that, on the 26th day of December, 1879, at the county of Wabash, in the State of Indiana, one Schuy- ler Hamilton did then and there unlawfully sell one gill of intoxicating liquor, to wit, gin, for the sum of ten cents in money, the same being less than a quart, to one Orlando C. King, who was then and there under twenty-one years of age, contrary to the form of the statute in such cases made

and provided, and against the peace and dignity of the State of Indiana."

The defendant was convicted of the offence charged against him, before the justice. Upon an appeal to the circuit court, the affidavit was quashed, and the defendant discharged. The State has appealed, and assigned error upon the decision of the court quashing the affidavit.

We have no brief from the appellee, and consequently no argument against the sufficiency of the affidavit; but counsel for the State inform us that the affidavit was quashed because it did not allege that the appellee had no license authorizing him to sell intoxicating liquors in a less quantity than a quart at a time. The sale of intoxicating liquor to a minor is one of the prohibited sales which a license does not authorize a vendor by retail to make, and hence it is wholly immaterial whether a person selling intoxicating drink to a minor has or has not a license to sell to another and a different class of persons. 1 R. S. 1876, p. 871, secs. 9 to 15. *Meyer* v. *The State*, 50 Ind. 18.

The affidavit was not, therefore, bad for the reason suggested, nor are we able to see any substantial objection to the affidavit in any other respect. In our estimation the court erred in quashing the affidavit.

The judgment is reversed, with costs, and the cause remanded for further proceedings.