## SIDNEY JOHNSON V. THE STATE OF INDIANA.

*Selling Liquor to Minors.*—Where one is charged with selling liquor to a minor, it is wholly immaterial whether the seller had or had not a license; and an indictment needs not to say anything about it.

Filed June 22, 1881.

Appeal from Tippecanoe Circuit Court.

Opinion of the court by Mr. Chief Justice Howk.

The indictment in this case charged in substance that the appellant and one Fred Johnson, on the 1st day of November, 1880, at the county and State aforesaid, "did then and there unlawfully sell intoxicating liquor, in a less quantity than a quart at a time, to-wit: two gills, to one John Wilson, at and for the price of five cents, he, the said John Wilson, being then and there a person under the age of twenty-one years."

A motion to quash the indictment having been overruled, and an exception saved to this ruling, each of the defendants, on arraignment, entered a plea that he was not guilty as charged in the indictment. By agreement of the parties, the cause was tried by the court, and a finding was made that the defendant, Fred Johnson, was not guilty, but that the appellant, Sidney Johnson, was

guilty as charged in the indictment, and assessing his punishment at a fine in the sum of ten dollars and the costs of this prosecution. The appellant's motion for a new trial having been overruled, and his exception entered to this decision, the court rendered judgment against him on its finding.

Errors have been assigned by the appellant in this court, which call in question the decisions of the circuit court in overruling his motion to quash the indictment, his motion for a new trial, and his motion in arrest of judgment.

The offense intended to be charged in the indictment, the substance of which we have given, is defined and its punishment prescribed in section 13, of " An act to regulate and license the sale of spiritous, vinous and malt and other intoxicating liquors," etc., approved March 17th, 1875. This section 13 reads as follows:

" If any person shall sell, barter or give away, directly or indirectly, any spiritous, vinous or malt liquors, to any person under the age of twenty-one years, he shall be deemed guilty of a misdemeanor, and, upon conviction thereof, shall be fined in any sum not less than ten nor more than fifty dollars." 1 R. S. 1876, p. 872.

It is insisted by the appellant's counsel, that the indictment in this case was bad and ought to have been quashed, for the reason that it did not charge that the appellant either had or had not, at the time of the alleged illegal sale, a license under the statute to sell intoxicating liquors. It seems to us, however, that, under said section 13 above quoted, it was wholly immaterial whether the appellant had or had not such license at the time of such sale.

The offense consisted in the sale of intoxicating liquor to a person under the age of twenty-one years; and, in making such sale, the appellant violated the provisions of the statute, whether he had or had not a license to sell intoxicating liquors. The fact, if it were the fact, that the appellant had such a license at the time of the alleged sale, would not aggravate or palliate the offense charged; nor would the alternative fact, if such were the fact, that he had no such license, add to or diminish either the qualities of the of-, fense or the extent of the penalty prescribed therefor. Whether, therefore, the appellant was licensed or not licensed, at the time of the alleged sale, he was liable to prosecution, under the section

quoted, for an unlawful sale of intoxicating liquor to a person under the age of twenty-one years; and the indictment having charged such a sale by retail, in a quantity less than a quart, it must be held, we think, on a motion to quash, to be *prima facie* sufficient. *Crone* v. *The State*, 49 Ind. 538; and *Payne* v. *The State*, decided at this term.

In our opinion, the court committed no error in overruling the appellant's motion to quash the indictment. *Meyer* v. *The State*, 50 Ind. 18.

The only causes for a new trial assigned by the appellant in his motion therefor, were that the finding of the court was not sustained by the evidence, and was contrary to law. The evidence consisted chiefly of the testimony of the youth named in the indictment. He testified that the appellant and his brother kept a saloon and grocery store in Tippecanoe county; that he did not know either of them personally; that he was nineteen years of age; that, at their place of business, he drank one glass of beer and paid five cents for it; that he thought he got the beer of the appellant, and he pointed out the appellant as the one who, he thought, sold him the beer, but could not say positively; and that the beer was intoxicating and less than a quart. This evidence was sufficient to satisfy the learned judge who tried the case of the guilt of the appellant as charged, and he had facilities for determining the sufficiency of the evidence, and its probable truth, which we are not possessed of. We cannot disturb the finding on the evidence.

The judgment is affirmed at the appellant's costs.

John F. McHugh, for appellant.

Attorney General, G. W. Collins and W. W. Thornton, for appellee.