No. 11,020.

# EHLERT *v.* THE STATE.

SUPREME COURT.—*Error.*—*Evidence.*—No question can be made in the Supreme Court upon a refusal to admit documentary evidence, if the rejected document be not in the record.

SAME.—*Instructions.*—Unless the instructions given are in the record, no question can be made in the Supreme Court upon a refusal to give an instruction asked.

INTOXICATING LIQUOR.—*Sale to Minor.*—*Indictment.*—*Evidence.*—*Variance.*—*Name.*—An indictment was for selling intoxicating liquor to Michael Burk, an infant. The evidence showed that the real name of this person was Burk, but he was generally known by the name of Buck. *Held,* no variance.

SAME.—*Proof of Age.*—*Case Criticised.*—Where the evidence is that a person, whose minority when liquor was sold to him is in question, was nineteen years of age in August preceding the trial, it sufficiently shows his minority. *Meyer* v. *State,* 50 Ind. 18, criticised.

From the White Circuit Court.

*D. D. Dale* and *D. Turpie,* for appellant.

*F. T. Hord,* Attorney General, *R. Gregory,* Prosecuting Attorney, and *W. B. Hord,* for the State.

ZOLLARS, J.—Appellant was tried and convicted in the court below upon an indictment charging him with the sale of intoxicating liquors to a minor.

In this court the only error assigned is the overruling of a motion for a new trial.

Appellant's counsel devote their brief to the discussion of three questions, which they claim are presented by that motion :

*First.* That the evidence does not establish the fact that the person to whom the liquor was sold is the same person named in the indictment, nor that he was a minor at the time the liquor was sold to him.

*Second.* The exclusion, as evidence, of the marriage record of White county, showing the marriage of the parents of the person to whom the liquor was sold.

*Third.* The refusal of the trial court to give to the jury an instruction asked by appellant.

The attorneys for the State insist that the second and third questions are not presented by the record in such manner as to be considered by this court. In this they are correct. In order to present any question to this court upon the exclusion of documentary evidence, the document excluded must be brought up as a part of the record, so that this court may be informed of its contents, and thus be enabled to decide as to its competency. *Mosher* v. *State*, 14 Ind. 261 ; *Brown* v. *State*, 70 Ind. 576. In the case in hearing, the offered marriage record is not before us, and hence we can not tell whether it was competent, relevant or material.

The instruction which the court refused is in the bill of exceptions, but those given by the court are not. It is the duty of the court under the statute to properly instruct the jury. In the absence of evidence to the contrary, we must presume that the court performed that duty. If it may be said that the instruction refused contains a correct statement of the law applicable to the evidence, a sufficient answer is that the trial court is presumed to have given all proper and necessary instructions upon every point in the case, including that covered by the instruction asked by appellant. *Freeze* v. *DePuy*, 57 Ind. 188 ; *Coryell* v. *Stone*, 62 Ind. 307 ; *Bowen* v. *Pollard*, 71 Ind. 177 ; *City of Indianapolis* v. *Murphy*, 91 Ind. 382.

It is charged in the indictment that the liquor was sold to Michael Burk. The young man was a witness, and testified that his name is Michael Burk. His mother also testified that his name is Michael Burk ; that by that name he was baptized when a child, Burk being the name of his father and mother. On cross-examination, these witnesses stated that they had generally been known by the name of Buck. On this account appellant's counsel contend that there is a fatal variance. We do not think so. It is a well established

rule that if the name by which a party is generally known be stated in the indictment, and established by the proof, it will be sufficient.   But we know of no authority which requires us to reverse a judgment when the true name is stated and established by the proof, as in this case, although the party may be generally known by some other name, especially when the names are so near alike as Burk and Buck.

The young man and his mother, when asked to give his age, testified that he was nineteen years old in August preceding the trial.   It is contended by counsel for appellant that this does not establish his minority at the time the liquor was sold to him; that this testimony does not exclude the idea that he was not over nineteen or show that he was under twenty-one years of age.   In support of this argument, we are referred to the case of *Meyer* v. *State,* 50 Ind. 18.   What was said in that case in relation to the age of the party to whom the liquor was sold, was not necessary to a decision of the case, and may, therefore, be regarded as a dictum.   The statement there made, and the argument here, are too refined and technical to commend themselves to our judgments.   In this case, the witnesses were asked to state the age of the party to whom the liquor was sold by appellant.   It would be a straining of terms, and an unusual interpretation of the language, to hold that the answers left any reasonable doubt as to the young man's age.   We find no error in the record.

The judgment is affirmed, with costs.

Filed Jan. 22, 1884.