Dolke *v.* The State.

Filed Dec. 30, 1884.

---

No. 11,927.

DOLKE *v.* THE STATE.

CRIMINAL LAW.—*Sufficiency of Evidence.*—*Supreme Court.*—In criminal as well as in civil causes, there must be an absolute failure of evidence on some material point to authorize the Supreme Court to reverse the judgment merely on the evidence.

SAME.—*Sale of Intoxicating Liquor to Minor.*—*Evidence.*—*Case Overruled.*— Where evidence is given on the trial, on May 1st, 1884, of a defendant charged with a sale and giving away of intoxicating liquor to a minor, that the prosecuting witness " will be twenty-one years old the first day of August next," the court is justified in finding from the evidence that on the 15th day of November, preceding the day of trial, the witness was under twenty-one years of age. On this point *Meyer* v. *State,* 50 Ind. 18, overruled.

From the Knox Circuit Court.

*L. A. Meyer* and *B. M. Willoughby,* for appellant.

*F. T. Hord,* Attorney General, *A. J. Padgett,* Prosecuting Attorney, and *W. B. Hord,* for the State.

HOWK, J.—In this case the appellant was indicted, tried and convicted for an unlawful sale and giving away of intoxicating liquor to one Clinton Robinson, who was then and there a person under the age of twenty-one years. The indictment contained two counts, of which the first charged an unlawful sale, and the second charged an unlawful giving

away, of intoxicating liquor. Upon the trial the court found generally that the appellant was " guilty of the charge in the indictment," and assessed his punishment at the lowest fine fixed by the statute for either of the offences charged in the indictment. Section 2094, R. S. 1881. Over appellant's motion for a new trial the court rendered judgment against him in accordance with its finding.

The overruling of his motion for a new trial is the only error assigned by the appellant in this court. It is earnestly insisted by appellant's counsel that the finding of the court was not sustained by sufficient evidence, and was, therefore, contrary to law. The point is made that the evidence fails to show a sale of intoxicating liquor by the appellant to the prosecuting witness. Upon this point appellant's counsel seem to have overlooked some of the evidence appearing in the record. Margaret Schaffer testified : " I am a sister of Clint. Robinson. * * * On the 15th day of November, 1883, just as I was stepping into Dolke's saloon, I saw Clint., my brother, take a drink of whiskey. Dolke was behind the bar. My brother took the glass off of the counter to drink. It was a little glass, and the liquor looked like whiskey; that's the only way I know it was whiskey. The glass was too little for a beer glass. My brother paid for the drink. He is not twenty-one years old."

We think this evidence was abundantly sufficient to justify the court in finding the appellant guilty of the offence charged in the first count of the indictment; at least we can not disturb the finding of the trial court upon the evidence, although some of the testimony introduced might raise a doubt in our minds in regard to the appellant's guilt. It is settled by the decisions of this court that there must be an absolute failure of evidence to sustain the finding or verdict on some material point before we would be authorized to reverse the judgment on the evidence. *Cox* v. *State*, 49 Ind. 568 ; *Kelly* v. *State*, 64 Ind. 326 ; *Siebert* v. *State*, 95 Ind. 471, on p. 479 ; *Murphy*

v. *State,* 97 Ind. 579. There is no such failure of evidence in the case we are now considering.

Appellant's counsel also claim that the evidence failed to show that at the time of the sale the prosecuting witness was under the age of twenty-one years. Upon this point the father of the witness testified as follows: " I am the father of Clint. Robinson. He will be twenty-one years old the 1st day of August next." This case was tried on the 1st day of May, 1884, and the offence charged was alleged and proved to have been committed on the 15th day of November, 1883. There was no conflict in the evidence in relation to the age of the prosecuting witness, and it showed conclusively, we think, that at the time of the sale, and of the trial of this cause, he was under twenty-one years of age. But counsel say that evidence that the alleged minor will be twenty-one years old next August is not conclusive that he was under twenty-one years of age at the time of the alleged sale, and they cite *Meyer* v. *State,* 50 Ind. 18, which seems to support their position. Upon the point now under consideration the case cited was criticised and condemned in the recent case of *Ehlert* v. *State,* 93 Ind. 76, and must now be regarded as overruled.

Finally, it is urged by appellant's counsel, that the sale was justified, because made in the reasonable and honest belief that the alleged minor was of full age. That was a question for the consideration of the trial court, which had much better facilities for its determination than we can possibly have. We can not disturb its decision of that question upon the evidence.

We find no error in the record which authorizes or requires the reversal of the judgment.

The judgment is affirmed, with costs.

Filed Dec. 31, 1884.