## MARSH v. STATE OF INDIANA.

[No. 15,835. Filed May 4, 1937. Rehearing denied October 15, 1937. Transfer denied December 15, 1937.]

378

*Henning & Youngblood,* for appellant.

*Philip Lutz, Jr.,* Attorney-General, and *Henry R. Wilson,* Assistant Attorney-General, for the State.

LAYMON, J.—Appellant was charged by affidavit in two counts with contributing to the delinquency of a female child under the age of 18 years. The first count of the affidavit charged that appellant encouraged and permitted a female child under the age of 18 years to enter and remain in a house of prostitution, appellant then and there knowing said house of prostitution to be such. The second count of said affidavit charged that appellant encouraged and permitted the said female child under the age of 18 years to be guilty of vicious and immoral conduct, to wit, to practice prostitution. Appellant entered her plea of not guilty to each count of said affidavit and filed a special plea of former jeopardy. Upon the issues thus joined the cause was submitted to the court for trial without the intervention of a jury. A trial was had, and the court found appellant guilty, assessed a fine of $100 and costs, and imposed a sentence of 120 days. Thereupon appellant filed her motion for a new trial, which motion was overruled, and this appeal was then perfected. The errors assigned by appellant are: (1) That the court erred in setting aside on its own motion its finding that appellant was guilty on the original affidavit and then requiring appellant to submit to a second trial for the same offense on an amended affidavit in two counts; (2) that the court erred in permitting the appellee, the State of Indiana, to file an amended affidavit in two counts after the appellant had been found guilty on the original affidavit; (3) that the decision of the juvenile court is contrary to law. Under our statute the last assignment is "sufficient to present both the sufficiency of the facts found to sustain the judgment and the sufficiency of the evidence to sustain the findings."

It appears from the record that an affidavit was filed in the court below on June 24, 1936, in substance charging that appellant on or about the 1st day of June, 1936,

unlawfully and knowingly caused and encouraged a female child under the age of 18 years *to be sent* to a house of prostitution; that appellant entered her plea of not guilty to this affidavit, and a trial was had on July 2, 1936, by the court and appellant found guilty. Sentence and judgment were deferred by the court until July 7, 1936. On July 8, 1936, the court of its own motion set aside its finding in said cause and over appellant's objection permitted the appellee, the State of Indiana, to file an affidavit in two counts, the substance of which have heretofore been set out. A trial was had on this affidavit and judgment rendered. It is from this judgment the appeal is taken.

The section of the statute under which the first and second affidavits were drawn is section 9-2804 Burns 1933, §5698 Baldwin's 1934, which statute, so far as applicable, provides:

"It shall be unlawful for any person to cause or encourage . . . any girl under the full age of eighteen (18) years, to commit any act of delinquency as defined and specified in section one (§9-2803) of this act;

"Or, for any person to send, or cause to be sent, any such child to, or permit any such child to enter or remain in, any house of prostitution, or any saloon or wine-room where intoxicating liquor is sold, or any policy shop, or gambling place, or any pool-room or bucket-shop, knowing them to be such;

". . . Or to knowingly encourage, contribute to or in any way cause any such child to be guilty of any vicious or immoral conduct."

It is clearly obvious that the first affidavit upon which the court proceeded to trial entirely omitted an allegation to the effect that appellant knew said house of prostitution to be such. This was an essential element in defining the offense, the omission of which rendered the affidavit defective, and would not, therefore, have supported a judgment of conviction.

When an indictment is so defective in form that if the defendant were found guilty he would be entitled to have any judgment which could be entered thereon against him reversed on account of such defect, or, if the judge discovers any defect after the trial has commenced which would render a verdict against the defendant void or voidable, upon his motion, then the trial judge, upon his motion, may stop the trial, and what has transpired will be no bar to future proceedings. *Joy* v. *The State* (1860), 14 Ind. 139.

It may further be noted that the above statute, under which the affidavits were drawn, defines several separate and distinct criminal offenses, and that neither the affidavit upon which the first trial was had, nor the first or second counts in the second affidavit charged the appellant with the same offense. Under the first affidavit it was necessary for the State to prove that the appellant caused or encouraged the child *to be sent* to the house therein described, which was one of the elements of the offense charged, the proof of which was essential to conviction; while to sustain a conviction under the first count of the second affidavit, the State would be compelled to prove that appellant *permitted said child to enter and remain in such house.* It is evident, therefore, that the evidence necessary to secure appellant's conviction of permitting said child to enter and remain in said house in violation of section 9-2804 (§5698 Baldwin's), *supra,* would not have justified her conviction of causing said child to be sent to said house in violation of the same section. This is equally true as applied to the second count in the second affidavit. *The State* v. *Reed* (1907), 168 Ind. 588, 81 N. E. 571.

Appellant contends that in order to sustain a conviction under the above-mentioned section of the stat-

ute, "the defendant must know such child to be under such age or have reason to believe such child to be under the age specified." This contention is without merit. It is not an essential element of the offense, as defined by the statute, that the person charged with the crime have knowledge that the child is under the age specified therein. The term "knowing them to be such" used in the statute has reference only to the places enumerated therein.

The appellant further contends that by the trial on the second affidavit she was twice put in jeopardy for the same offense. The question of former jeopardy may, prior to the trial, be presented by a plea in bar, *Klein* v. *The State* (1901), 157 Ind. 146, 60 N. E. 1036; *Barker* v. *State of Indiana* (1918), 188 Ind. 263, 120 N. E. 593, or by evidence during the trial under a plea of not guilty. *Foran* v. *State of Indiana* (1924), 195 Ind. 55, 144 N. E. 529; *Earle* v. *State of Indiana* (1924), 194 Ind. 165, 142 N. E. 405. But in this case neither of these remedies was invoked. To the second affidavit containing two counts the appellant entered her plea of not guilty and filed a special plea of former jeopardy. There was no question of the sufficiency of this plea raised before the trial and no evidence submitted by appellant in support thereof.

The decision of the juvenile court was not contrary to law. Finding no reversible error, the judgment is affirmed.