EMBRY ET AL. *v.* STATE OF INDIANA.

[No. 28,668.  Filed January 26, 1951.]

180

*Addison M. Beavers* and *Kenneth W. Weyerbacher,* both of Boonville, for appellants.

*J. Emmett McManamon,* Attorney General; *Charles F. O'Connor* and *Merl M. Wall,* Deputy Attorneys General, for appellee.

DRAPER, J.—An indictment entitled an "Indictment for Contributing to Child Delinquency" was returned against the appellants. They were tried by jury in the Warrick Circuit Court. From an adverse verdict, they appeal.

Omitting the formal parts, the indictment charges that said defendants, "on the 27th day of September, A.D., 1949, at said County and State aforesaid, did then and there, unlawfully cause and encourage, one Shirley Joe Ahrens, a girl under the age of sixteen years, to-wit: thirteen years, to unlawfully and knowingly violate the compulsory school attendance law, by preventing her from attending a public school while such school was in session," contrary, etc.

The defendants moved to quash the indictment on the grounds that the facts stated in the indictment do not constitute a public offense and that the indictment does not state the offense charged with sufficient certainty. The motion was overruled, and the correctness of that ruling is the first question presented.

Burns' 1942 Replacement (1949 Supp.), § 10-812 provides that:

"It shall be unlawful for any person to cause or encourage any boy under the full age of eighteen (18) years, or any girl under the full age of eighteen (18) years, to commit any act which would cause such boy or girl to become (a) delinquent child as defined by the laws of this state;
". . .

"Or for any person to knowingly encourage or contribute to or in any way cause any such boy

or girl to violate any law of this state or ordinance of any city;
"..."

Every child between the ages of 7 and 15 years, with exceptions not here important, is required by law to attend school during the time the public schools are in session. Burns' 1948 Replacement, § 28-505, as affected by Burns' 1948 Replacement (1949 Supp.), § 28-505b.

The indictment was apparently intended to charge the appellants, under § 10-812, *supra*, with knowingly causing and encouraging a minor to violate the law just referred to. An examination of the record seems to indicate that the case was tried on that theory. The indictment is not sufficient for that purpose, for the statute makes such conduct an offense only when it is *knowingly* done. It is true the indictment charges that the appellants caused and encouraged the minor to knowingly violate the law, but that does not satisfy the requirements of the statute. When a statute makes knowledge, or *scienter*, an essential element of an offense, such knowledge *on the part of the accused* must be charged in the indictment or affidavit. *Williams* v. *The State* (1850), 2 Ind. 439; *State* v. *Bridgewater* (1908), 171 Ind. 1, 8, 85 N. E. 715; *Marsh* v. *State* (1937), 104 Ind. App. 377, 8 N. E. 2d 121; *Mayhew* v. *State* (1920), 189 Ind. 545, 128 N. E. 599.

The sufficiency of an indictment under § 10-812, *supra*, should be determined by applying standards no less exacting than those which govern the sufficiency of other criminal accusations. Cf. *Pease* v. *State* (1921), 74 Ind. App. 572, 129 N. E. 337.

Judgment reversed and cause remanded with instructions to sustain the motion to quash.

NOTE.—Reported in 96 N. E. 2d 274.