DAVIDSON v. STATE OF INDIANA.

[No. 30,888. Filed January 22, 1968.]

*William C. Erbecker,* of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, and *Murray West,* Deputy Attorney General, for appellee.

ARTERBURN, J.—The appellant was convicted on three counts of contributing to the delinquency of a minor in the Marion Juvenile Court, and appeals from the overruling of his motion for a new trial. The specific allegations of the charge were that the appellant "unlawfully committed an act

of contributing to the delinquency of a minor against the following child, Eloise Bell Merriman, age 14 years, a minor female under the age of 18 . . ."

1. By causing her to desert the home of her parents.

2. To be guilty of indecent conduct.

3. To be guilty of immoral conduct.

4. To deport herself so as to wilfully endanger the morals of herself.

See Burns' Ind. Stat. Anno. § 10-812 (1956 Repl.)

The first contention made is that the evidence fails to show that the appellant "wilfully contributed to the delinquency of the alleged victim." In other words, it is argued that it must be shown that the appellant *knew* this minor was under the age of 18 at the time he indulged in certain immoral conduct with her.

It is urged that the girl in question was large in size and might deceive the average individual as to her exact age. There is no evidence that appellant was told what her age was nor is there any evidence that he made any inquiry to discover what her age was. The State on the other hand, contends that *scienter* is not a necessary element in contributing to the delinquency of a child, and cites cases with reference to statutory rape on that question. *Tullis* v. *Shaw* (1908), 169 Ind. 662, 83 N. E. 376.

In *Heath* v. *State* (1909), 173 Ind. 296, 302, 90 N. E. 310, 312, in a statutory rape case, this Court said:

". . . The girl's appearance and misrepresentation of her age, and his good-faith belief that she was above the age of consent, could have no weight upon the question of guilt or innocence, although they might, under the old procedure, go in mitigation of the penalty. The law absolutely forbids carnal intercourse with a child under fourteen years of age, and no belief respecting the age of the girl, however well founded, will excuse the transgressor, if at the time of the sexual act she is, in fact, within the prohibited age. . . ."

See also: Annotation in 8 A. L. R. 3d, p. 1100.

It is further urged in this case the evidence shows that the appellant was actually guilty of statutory rape on the girl in question and that constitutes in itself an act of contributing to the delinquency of the girl. However, when we examine the statute on statutory rape, (Burns' Ind. Stat. Anno. § 10-4201 [1956 Repl.]), we find that there is not included therein any requirement of knowledge or "knowingly" doing the prohibited act with a girl under the prohibited age, except with reference to females who are feeble-minded, etc. We therefore do not think there is a proper analogy between the two statutes, since upon examination of the statute defining the crime of contributing to the delinquency of a child, in certain particulars therein we find the use of the words "knowingly encourage or contribute." Burns' Ind. Stat. Anno., § 10-812 (1956 Repl.).

The opinions in this state in the interpretation of this statute are somewhat confused. In *Marsh* v. *State* (1937), 104 Ind. App. 377, 8 N. E. 2d 121 the appellant was charged with permitting a female child under the age of 18 to enter a house of prostitution, "appellant then and there knowing said house of prostitution to be such." The court held that *scienter*, or the knowledge, had reference only to the places enumerated in the statute, and that charges with reference to contributing to the delinquency of a child which would not involve a place, need not allege knowledge or *scienter*.

However, in *Embry* v. *State* (1951), 229 Ind. 179, 96 N. E. 2d 274, an appellant was charged with contributing to the delinquency of a child under the age of 16 by "preventing her from attending a public school while such school was in session." The court there said in 229 Ind. at p. 181:

> "The indictment is not sufficient for that purpose, for the statute makes such conduct an offense only where it is *knowingly* done."

The opinion further stated that *scienter* on the part of the accused must be charged in the indictment or affidavit. Such was the case here. The charge here in each instance alleges *scienter* and that the appellant knowingly committed the offense.

We therefore have only the question remaining as to whether or not the appellant knew or ought to have known that the girl in question was under age. We feel this is a question of fact, to be determined by the triers of the fact. A jury or the trial court has before it the evidence and appearance of the prosecuting witness or female child involved. They see her; they observe her actions, her manner, her speech; all of which cannot be put into the record with the accuracy and details that visibly appear and are evident to the triers of the fact.

In *Dolke* v. *The State* (1884), 99 Ind. 229, a similar question arose. The appellant was charged with the sale of intoxicating liquors to a minor. He claimed that he did not know the minor was under age. There was no evidence other than the appearance of the minor with reference to his age. The court said in 99 Ind. at p. 231:

". . . That was a question for the consideration of the trial court, which had much better facilities for its determination than we can possibly have. We can not disturb its decision of that question upon the evidence."

In the case before us the prosecuting witness took the stand and stated she was 14 years of age at the time of the alleged offense, as charged. Her physical condition, size and physical appearance as a witness on the stand was a matter for consideration by the triers of the fact. Her mother also took the stand and stated her age, in conformity with the allegations in the charge in this case. The appellant while on the stand admitted that he had never made inquiries or asked her age.

"The examination and cross-examination of a party before the jury are equivalent to exhibiting him before the jury and an offer of such person as an exhibit is properly refused." 32 C. J. S. *Evidence* § 609 (1964).

Wigmore on Evidence states:

"Experience teaches us that corporal appearances are approximately an index of the *age* of their bearer, particularly for the marked extremes of old age and youth. In every case such evidence should be accepted and weighed for what it may be in each case worth. In particular, the *outward physical* appearance of an alleged minor may be considered in judging of his *age;* a contrary rule would for such an inference be pedantically over-cautions." 2 Wigmore, Evidence § 222 (3rd Ed. 1940).

There was sufficient evidence formally before the court to support the court's finding in this particular.

It is next urged that the appellant did not "contribute" to the delinquency of the girl involved because she was already a delinquent, and had previously engaged in immoral acts. With this contention we cannot agree. The statute on juvenile delinquency is for the protection of minor children in our society, and legislature has seen fit to protect children from vicious, immoral acts of older people. Even though those children may have been guilty of previous delinquent acts, it is the desire of the legislature to aid them and protect them from a continuation of a state of delinquency. It is no justification, therefore, for an adult to urge that because a minor is already a delinquent, there is no wrong in "contributing" further to such delinquency.

*Webster's Third New International Dictionary* defines "contribute" as "to give or grant in common with others." So in the case at bar, even though the minor girl involved was guilty of previous immoral acts, still additional immoral acts with the appellant in this case constituted "contributing" to her delinquency.

It is further urged that this case should be reversed because "The State of Indiana made knowing use of perjured testimony." We feel this contention is somewhat far-fetched. There is not the slightest evidence that the prosecuting attorney "knowingly" made use of any perjured testimony. The most that can be said is that the prosecuting witness made conflicting statements as to the exact time of the commission of the alleged offense in her testimony in chief and in her rebuttal, but this conflict and difference was explained by her as a lapse of memory, and she had rechecked and refreshed her memory on the points involved.

Finally, it is urged that the appellant was entitled to a jury trial. The record is quite plain that the appellant had counsel and at the time appellant personally signed a written waiver of a jury trial. This is in the record. The appellant dose not deny this. However, he claims he had a right constitutionally to withdraw, at any time he saw fit, his written waiver of a jury trial, even though made voluntarily, intentionally and knowingly. We feel this contention is so irregular and illogical that it would make judicial proceedings seem ridiculous to sustain such a contention.

In 56 Am. Jur. *Waiver* § 24 (1947), it is stated:

> "One who intentionally relinquishes a known right cannot, without consent of his adversary, reclaim it, for it is well settled that a waiver once made is irrevocable, even in the absence of consideration, or of any change in position of the party in whose favor the waiver operates. . . ."

For the reasons stated, the judgment of the trial court is affirmed.

Lewis, C. J. and Mote and Hunter, JJ. concur. Jackson, J. concurs in result.

NOTE.—Reported in 233 N. E. 2d 173.