## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 24 2015, 6:37 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Michael A. Casati
Casati Law, LLC
Carmel, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Walter L. Robertson,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

July 24, 2015

Court of Appeals Case No.
29A02-1412-CR-851

Appeal from the Hamilton Superior Court;
The Honorable Wayne A. Sturtevant, Judge;
29D05-1312-FD-10182

**May, Judge.**

[1] Walter L. Robertson appeals his conviction of Class D felony dealing in marijuana.[1] Robertson argues his waiver of a jury trial was invalid, the evidence was insufficient to support his conviction, and his 910-day sentence was inappropriate. We affirm.

## Facts and Procedural History

[2] On December 6, 2013, Officers Silbaugh and Brooks stopped the gold Buick Robertson was driving after they saw it change lanes twice without a turn signal. Officer Silbaugh approached the vehicle on the driver's side and Officer Brooks directed traffic.

[3] On approaching the vehicle, Officer Silbaugh smelled a strong odor of burnt marijuana coming from the open window. He recognized the odor from his experience and more than 200 hours of "advanced officer training in the area of drug enforcement and drug and criminal interdictions." (Tr. at 23.) Officer Silbaugh asked Robertson if there was any marijuana in the car. Robertson acknowledged there was and directed the officer's attention to a partially burned marijuana cigarette in the ashtray. Officer Silbaugh removed both Robertson and his passenger from the car, and proceeded to search it. He found a clear plastic bag under the driver's seat that contained two other plastic bags, each of which contained marijuana. He found $640.00 in cash in Robertson's pocket. The money was folded up into a "bindle" held together by

---

[1] Ind. Code 35-48-4-10 (2013).

rubber bands. (*Id.* at 39.) Police transported Robertson to the Fishers Police Department for interrogation.

[4] During the interrogation, Robertson claimed the marijuana was for personal use and was packaged separately because they were different strains of marijuana. The Indiana State Police Laboratory tested the material in the bag and identified it as 30.96 grams of marijuana. Robertson also claimed he had so much cash because, prior to the arrest, he had cashed his $174.45 paycheck. Robertson also claimed he had received $50.16 in cash at Walmart for returned merchandise.

[5] The State charged Robertson with Class D felony dealing in marijuana and Class D felony possession of more than thirty grams of marijuana.[2] Robertson did not appear at his pre-trial conference and he was arrested. Robertson filed two motions for bond reduction, which the court denied. Through counsel, Robertson waived his right to jury trial. The trial court instructed Robertson's counsel to memorialize the waiver in writing and have it signed by both Robertson and the State.

[6] Following a bench trial, the court found Robertson guilty as charged. At sentencing, the court merged the two counts into a single conviction of dealing in marijuana and sentenced Robertson to 910 days.

---

[2] Ind. Code § 35-48-4-11 (2013).

# Discussion and Decision

## *Waiver of Jury Trial*

[7] Criminal defendants have a right to a jury trial on their charges. U.S. Const. amend. VI; Ind. Const. art. I, § 13 (1851). It is presumed felony defendants will exercise that right unless they choose to waive it. *Pryor v. State*, 975 N.E.2d 838, 842 (Ind. Ct. App. 2011). A defendant's waiver must be knowingly, voluntarily, and intelligently made. *Duncan v. State*, 975 N.E.2d 838, 842 (Ind. Ct. App. 2012). Once a defendant has effectively waived his right to a jury trial, he has no constitutional right to withdraw his waiver. *Davidson v. State*, 249 Ind. 419, 425 (Ind. 1968).

[8] Robertson argues he did not knowingly, voluntarily and intelligently waive his right to a jury trial. However, at his bond reduction hearing, Robertson, through counsel, made a request to waive his right to a jury trial. Robertson's counsel stated he and Robertson had discussed the issue, and Robertson affirmed orally that he wished to waive his right to jury trial. The trial court instructed Robertson's counsel to memorialize the waiver in writing and have it signed by both Robertson and the State. Robertson and his counsel signed a waiver that indicated Robertson waived his right to a jury trial, and they filed that waiver with the court. We hold Robertson knowingly, voluntarily, and intelligently waived his right to a jury trial. *See Johnson v. State,* 6 N.E.3d 491, 497 (Ind. Ct. App. 2014) (finding waiver of jury trial valid when Johnson's attorney signed a waiver indicating that Johnson acted on the advice and information of counsel when filing his waiver).

## Sufficiency of Evidence

[9]    When reviewing the sufficiency of the evidence to support a conviction, we consider only the probative evidence and reasonable inferences supporting the trial court's decision. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). It is the fact-finder's role, and not ours, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. *Id.* To preserve this structure, when we are confronted with conflicting evidence, we consider it most favorably to the trial court's ruling. *Id.* We affirm a conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.* It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence; rather, the evidence is sufficient if an inference reasonably may be drawn from it to support the trial court's decision. *Id.* at 147.

[10]   To convict Robertson of Class D felony dealing in marijuana, the State had to prove Robertson "possesse[d], with intent to manufacture, finance the manufacture, deliver, or finance the delivery of marijuana." Ind. Code § 35-48-4-10 (2013). Robertson argues the State did not prove he had "intent to . . . deliver" marijuana.

[11]   Intent to deliver can be inferred from circumstantial evidence such as "possession of a large quantity of drugs, large amounts of currency, scales, plastic bags, and other paraphernalia." *Ladd v. State*, 710 N.E.2d 188, 191 (Ind. Ct. App. 1999). An amount of marijuana that exceeds the amount reasonably

possessed for personal use can alone be sufficient to uphold a conviction of dealing. *Kail v. State*, 528 N.E.2d 799, 809 (Ind. Ct. App. 1988) (citing *Montego v. State*, 517 N.E.2d 74, 76 (Ind. 1987)).

[12] Robertson possessed nearly thirty-one grams of marijuana, which was packaged in two different bags. He had $640.00 in cash folded up into a "bindle" held together by rubber bands. (Tr. at 39.) Even if Robertson had cashed a $174.45 paycheck and returned a $50.16 item at Walmart, that accounts for only approximately one-third of the cash he was carrying. Officer Silbaugh, who has had more than 200 hours of "advanced officer training in the area of drug enforcement and drug and criminal interdictions," (*id*. at 23), stated both the packaging for the marijuana and the binding of money with a rubber band were consistent with drug sales he had seen in his "hundreds of arrests relating to marijuana." (*Id*. at 46.) There is sufficient evidence of Robertson's intent to deliver to support his conviction of dealing. *See Wilson v. State*, 754 N.E.2d 950, 957-58 (Ind. Ct. App. 2001) (possession of large amount of cash and drugs packaged for sale permits inference of dealing).

### *Sentencing*

[13] We may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. *Williams v. State*, 891 N.E.2d 621, 633 (Ind. Ct. App. 2008) (citing Ind. Appellate Rule 7(B)). We consider not only the aggravators and mitigators found by the trial court, but also any other factors appearing in the record. *Roney v. State*, 872 N.E.2d 192, 206 (Ind. Ct.

App. 2007), *trans. denied*. The appellant bears the burden of demonstrating his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[14] When considering the nature of the offense, the advisory sentence is the starting point to determine the appropriateness of a sentence. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g* 878 N.E.2d 218 (Ind. 2007). The sentencing range for Robertson's offense was six months to three years, with the advisory sentence being one and one half years. Ind. Code § 35-50-2-7 (2013). The court imposed a sentence of 910 days, or nearly two-and-a-half years.

[15] Robertson possessed 30.96 grams of marijuana, an amount that made Robertson's possession a felony rather than a misdemeanor. *See* Ind. Code § 35-48-4-10 (2013). He possessed that marijuana in two baggies in his car, which smelled of burnt marijuana, "as [if] someone had recently smoked a marijuana cigarette." (Tr. at 27.) Robertson acknowledged there was marijuana in the car and directed the officer's attention to a partially burned marijuana cigarette in the ashtray.

[16] When considering the character of the offender, one relevant fact is the defendant's criminal history. *Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007). The significance of a criminal history in assessing a defendant's character varies based on the gravity, nature, and number of prior offenses in relation to the current offense. *Id.* Robertson has a history of juvenile adjudications for acts that if committed by an adult would be conversion, residential entry and conspiracy to commit theft. He was sent to the Indiana

Department of Correction following those adjudications. He was also convicted of dealing cocaine in 2002, for which he served time and he was on probation until 2007. Finally, Robertson was also "arrested for a new drug offense involving cocaine and marijuana and also a weapons charge while out on bond in this case." (Tr. at 121.) Robertson's continued criminal behavior despite prior punishment in the criminal justice system does not reflect well on his character.

[17] Based on Robertson's character, we cannot say his 910-day sentence is inappropriate.

## Conclusion

[18] Robertson knowingly, voluntarily and intelligently waived his right to a jury trial. There was sufficient evidence to support Robertson's conviction of dealing in marijuana. Based on Robertson's character, his 910-day sentence was not inappropriate. We accordingly affirm.

[19] Affirmed.

Robb, J., and Mathias, J., concur.