NORTHERN PACIFIC RAILWAY CO., Respondent, v. GAS DEVELOPMENT CO., Appellant.

(No. 7,559.)

(Submitted September 24, 1936.   Decided November 5, 1936.)

[62 Pac. (2d) 204.]

*Messrs. Cooper, Stephenson & Hoover,* for Appellant, submitted a brief; *Mr. Sam Stephenson* and *Mr. W. H. Hoover* argued the cause orally.

*Messrs. Gunn, Rasch, Hall & Gunn,* for Respondent, submitted a brief; *Mr. M. S. Gunn* argued the cause orally.

MR. JUSTICE ANDERSON delivered the opinion of the court.

Plaintiff brought this action to recover the amounts paid by it to the county treasurer of Fallon county for taxes levied and assessed on royalty paid to plaintiff by defendant for natural gas produced from property in Fallon county, Montana.

The complaint is in two counts, the first, for such taxes paid in the year 1931, and the second, for taxes paid in the year 1932. It is alleged therein that plaintiff was the owner of certain land in the above county containing natural gas in the year 1926; that it entered into a written contract with Minnesota Northern Power Company, a corporation, whereby plaintiff granted the right to this corporation to extract natural gas from plaintiff's land in consideration of the payment of a royalty measured by the quantity of natural gas produced; and that prior to October 24, 1928, this contract was assigned by the Minnesota Northern Power Company to defendant company, which agreed to perform the same. It is further alleged that defendant pursuant to the contract paid to plaintiff as royalty certain sums on account of the gas produced each year; that defendant furnished to the State Board of Equalization a statement showing the amount of royalty paid pursuant to the provisions of Chapter 139 of the Laws of 1927; and that upon receipt of such statement that board proceeded

to assess the amount of royalty, after allowing depletion, and certified the same to the clerk of Fallon county, who entered this assessment on the assessment roll and computed the tax. It is alleged that under the terms of the contract defendant was obligated to pay this tax; that it refused to pay it; that plaintiff thereupon paid it; and that plaintiff has made demand upon the defendant to pay the tax which was by the defendant refused. The two counts of the complaint are identical except as to dates and amount.

To this complaint defendant demurred upon the ground that each of the counts failed to state a cause of action for want of sufficient facts; the demurrer was overruled. Thereupon the defendant answered, admitting in effect all of the allegations of the complaint, except those asserting that the defendant was obligated to pay this royalty tax. The answer was the same as to both counts. A copy of the contract was attached to the answer as an exhibit and made a part thereof by appropriate reference. Thereupon plaintiff moved for judgment on the pleadings, which motion was granted by the trial court. Judgment was entered in favor of plaintiff and against defendant in accordance with the prayer for relief. Defendant has appealed from this judgment.

The defendant has assigned error upon the ruling of the court on the demurrer, motion for judgment on the pleadings, and in the giving and entering judgment on the pleadings in favor of plaintiff and against defendant.

The contract provides that the "lessee [defendant] will pay all taxes and assessments levied or assessed * * * against the gas or oil produced by the lessee from the premises." The question presented on this appeal is, Was the defendant obligated under this contractual provision to pay this royalty tax?

The defendant was obligated under the provisions of section 1 of Chapter 140, Laws of 1927, now section 2096.1, Revised Codes, to report to the State Board of Equalization the amount of royalty paid by it to the plaintiff, and the board was bound to make the assessment and certify the same to the

county clerk by section 2 of this chapter, which further provides that the operator and royalty holder shall be jointly and severally liable for the payment of the tax assessed against the royalty, and the tax may be collected from the operator, who may recover or withhold from any proceeds of such royalty or royalty interest, either in kind or money coming into his hands, the amount of any tax paid by him on the royalty or royalty interest.

The tax in question is a part of the net proceeds tax arising ■ out of the operation of mines. (*Northern Pacific Ry. Co.* v. *Musselshell County,* 74 Mont. 81, 238 Pac. 872; *Homestake Exploration Corp.* v. *Schoregge,* 81 Mont. 604, 264 Pac. 388; *Byrne* v. *Fulton Oil Co.,* 85 Mont. 329, 278 Pac. 514; *Forbes* v. *Mid-Northern Oil Co.,* 100 Mont. 10, 45 Pac. (2d) ■ 673.) At the time this contract was entered into our statutory law did not require the royalty owner to pay this net proceeds tax. Subsequent to the enactment of this law it became the duty of the royalty owner to pay this tax. (*Forbes* v. *Mid-Northern Oil Co.,* supra.) In the absence of contractual obligations, it was the duty of the plaintiff to pay the tax.

It is contended on behalf of the plaintiff here that the contractual provisions which we have quoted supra impose the obligation for the payment of this tax upon the defendant. The defendant contends that such is not the import of this provision of the contract.

The defendant contends that a tax against the oil and gas produced does not include a royalty tax. The plaintiff asserts that, unless these words include the royalty tax, they are meaningless. Plaintiff urges that they might well refer to the ordinary personal property tax upon oil and gas, or either of them, which has been extracted and held in storage as other personal property. Secondly, that the provision might include the license tax, or gross production tax as we have sometimes referred to it, upon producers of oil which was then in existence. (Chap. 67, Laws 1923, now sections 2397 to 2408, inclusive, Rev. Codes.)

The contract reveals that some of these lands owned by the plaintiff were owned in fee, and that as to others it owned only a mineral reservation. The lessee obligated itself to pay all the taxes levied and assessed against the fee-owned lands and the mineral reservations within the contract after the lapse of three years, and in some instances prior to that date, these exceptions not here being of any importance.

The word "against" is one of several meanings, depending to a considerable extent on the connection in which, and the purpose for which, it is used. (2 C. J. S. 1012; *State* v. *Prather,* 54 Ind. 63.) It is sometimes used in a sense meaning "upon," as, the hail beats "upon" the roof. (Webster's Dictionary, 2d ed.) "Upon" and "on" are said to be almost, if not altogether, absolute synonyms. (Id.) In other words, the meaning is the same as though the draughtsman of this contract had said that the lessee obligated itself to pay all taxes which were levied and assessed *on* the oil and gas produced.

In the case of *Lewellyn* v. *Colonial Trust Co.,* (C. C. A.) 17 Fed. (2d) 36, 37, the court after adopting the premise that oil and gas in place is land, said: "A tax on the income of that oil was a tax on land." Our own case of *Santa Rita Oil & Gas Co.* v. *State Board of Equalization,* 101 Mont. 268, 54 Pac. (2d) 117, in considering the exemption of Indian lands from taxation, where the thing that was exempt was the Indian land, held that, by reason of this exemption, income from that land as a royalty on oil and gas produced was likewise exempt. We did not so hold in so many words, but such was the effect of that decision.

It is clear from the provisions of this contract that the lessee was assuming certain burdens of taxation which the law as it then existed imposed upon the lessor, notably the tax upon the real estate, whether held in fee or a mere mineral reservation. A tax on the royalty, which only accrues as a result of the production of oil or gas, is a burden on the production of oil or gas and, therefore, a tax levied and assessed against the gas and oil produced. It is a burden im-

posed as a result of the production of oil and gas which would not be existent but for the production of oil or gas.

A'ccordingly we hold that the court correctly overruled the demurrer, granted the motion for judgment on the pleadings, and entered judgment.

Judgment affirmed.

ASSOCIATE JUSTICES MATTHEWS and MORRIS concur.

MR. CHIEF JUSTICE SANDS, absent on account of illness, and MR. JUSTICE STEWART, disqualified, take no part in the foregoing decision.